Submitted on briefs March 12, affirmed May 29, 1928.

# W. T. WRIGHT v. J. J. MORTON ET AL.

(267 Pac. 818.)

**Contracts—Contract Relating to Storage and Sale of Wheat Stating Amount Held Protected by Parol Evidence Rule as to Showing Mistake.**

1. Contract between owner of wheat and warehousemen relating to its storage and providing for sale thereof at various times and specifying amount of wheat placed in storage was protected by parol evidence rule against showing in action on contract that, due to mistake, amount of wheat stored had been stated as greater than it was.

**Evidence—Warehouse Receipts Evidencing Amount of Wheat Stored Pursuant to Original Contract Held Protected by Parol Evidence Rule as to Showing Mistake.**

2. Where owner stored wheat with warehousemen and written contract for storage and sale thereof specified amount of wheat and provided that on sale of various amounts new warehouse receipts were to be issued for amount of wheat remaining unsold, such receipts were subject to parol evidence rule against showing an action on contract mistake of defendants in stating in original contract quantity of wheat as more than it actually was.

**Pleading—Where Title of Defendant's Pleading, Prayer and Defendant's Course at Trial Indicated Reliance on Payment Rather Than Attempt to Reform Instrument, Failure to Try Allegations of Answer as Cross-bill to Reform Contract Held not Error.**

3. In action on contract with warehousemen relating to storage and sale of wheat, defendants' answer alleging mistake by defendants in statement of quantity of wheat in original contract, such part of answer being entitled further and separate answer and defense and as a counterclaim, and demanding judgment against plaintiff for specified amount, indicated reliance on theory of payment rather than attempt to reform instrument, and in view of fact that they proceeded to trial before jury and did not endeavor to take answers over objections under equity rule or amend pleadings when court directed verdict, entering final judgment instead of retaining jurisdiction and proceeding to try allegations of answer as cross-bill for reformation of contract was not error.

**Pleading—Pleading Need not be Labeled to Show its Classification.**

4. Pleading need not be labeled to show its classification, but title and prayer serve useful purpose if they indicate pleader's conception of use to which he expects to put pleading.

---

1. Parol evidence to add to or vary a writing, see notes in 56 Am. St. Rep. 659; 17 L. R. A. 270. See, also, 10 R. C. L. 1016, 1022.

2. Parol evidence to vary a warehouse receipt, see note in 17 L. R. A. 304. See, also, 10 R. C. L. 1026.

Pleading—Prayer for Wrong Relief Following Pleading Setting
   Forth Facts Entitling Pleader to Some Relief Does not Deny
   Proper Relief.

   5.   Prayer for wrong relief following pleading setting forth facts
entitling pleader to some relief does not operate to deny proper
relief.

Appeal and Error—Where Defendants Did not Take Answers Over
   Objections, Under Equity Rule Supreme Court cannot Grant
   Reformation of Contract First Asked on Appeal.

   6.   In action by owner of wheat against warehousemen on con-
tract relating to storage and sale of wheat, where defendants did
not take answers over objections, under equity rule Supreme Court
cannot grant reformation of contract for mistake first asked on
appeal.

Appeal and Error — Defendants Sued on Contract not Asking
   Reformation in Trial Court Held not Entitled to have Case Re-
   manded for Proceeding for Reformation.

   7.   Where warehousemen sued on contract relating to storage
of wheat did not ask for reformation of contract for mistake
at trial, they were not entitled on appeal to have case remanded
to court below to proceed as in suit for reformation of instruments.

Pleading—Defendant may Present as Many Defenses as He Pos-
   sesses, Set Forth in One Answer.

   8.   Code of pleading permits defendant to present as many de-
fenses as he may possess, which he must set forth in one answer.

Pleading—Defendant may not First Offer One Defense and have
   Trial Thereon, and Then File Another.

   9.   Defendant must plead all defenses in one answer and may not
first offer one defense and have trial thereon and then file another.

Appeal and Error, 3 C. J., p. 718, n. 49, p. 730, n. 20.

From Jackson: C. M. THOMAS, Judge.

Department 1.

This is an action to recover the sum of $875.33
which the plaintiff alleges is a balance due arising out
of the sale of a quantity of wheat by the plaintiff to
the defendants.

The complaint alleges that December 8, 1924, the
plaintiff and the defendants entered into an agree-
ment, whereby the plaintiff undertook to deliver to

5.   See 21 R. C. L. 489.
8.   See 21 R. C. L. 534.

the defendants for storage a quantity of wheat, and that the defendants agreed to store it. Continuing, the complaint alleges that the plaintiff delivered to the defendants 3,581 bushels; it recites that upon the same day the parties entered into a further agreement and expressed it in writing to this effect:

"That whereas the said first party has this day sold to the said second parties and the said second parties have this day bought from the said first party all of said first party's wheat now stored in the Central Point Mills consisting of 3581 bushel and 31 pounds of club wheat as shown by said first party's warehouse receipt.

"The price agreed upon is $1.50 per bushel."

"The said second parties are to have delivered to them today one thousand bushel of said wheat and are today paying to said first party fifteen hundred dollars, the receipt of which sum is hereby acknowledged by said first party.

"The balance of the wheat is to be evidenced by a new warehouse receipt for 2581 bushels and 31 pounds, which said wheat is to be delivered to and accepted by said second parties as follows: An amount equal to $1,000 on the eighth day of January, 1925, and a like amount on the eighth day of March 1925 and the balance on the eighth day of April 1925 and said second parties do hereby agree to accept said wheat at said times and pay for same on said dates to said first party at the rate of $1.50 per bushel.

"New warehouse receipts are to be issued to said first party when any amount has been taken from said wheat, thereby keeping a complete record of the amount in the warehouse so in case of fire the said first party may make claim for the insurance thereon."

The complaint alleges that thereafter the defendants withdrew from the warehouse from time to time, various quantities of wheat, each time paying for

the quantity withdrawn and that each time the defendant delivered to the plaintiff a new warehouse receipt covering the quantity remaining in storage. It is averred that on April 8, 1925, there remained in the defendant's warehouse 1,248 bushels and 11 pounds, and that on that day the defendant paid the plaintiff $1,000 and issued to the plaintiff a new receipt for 581 bushels and 31 pounds which the plaintiff declares constituted the balance of wheat remaining in the defendants' custody. The complaint avers that the defendants have not paid for this remaining quantity and asks judgment for $875.33, representing its value at the price of $1.50 per bushel.

The answer sets forth that August 23, 1923, the plaintiff delivered to the defendants 105 bushels of baart wheat which was placed in Bin No. 1, 2,893 bushels and 53 pounds of club wheat, which was placed in Bin No. 2, and 1,864 bushels and 21 pounds of club wheat, which was placed in Bin No. 4; thus they admit the receipt of a total of 4,863 bushels and 14 pounds.

The defendants allege that between October 20, 1923, and May 15, 1924, the plaintiff removed the entire contents of Bins 1 and 4, leaving in the defendants' possession only the contents of Bin No. 2, 2,893 bushels and 53 pounds, but that through the error of the defendants the plaintiff was charged with the removal of only 1,176 bushels and 53 pounds from Bin No. 4. Thus the defendants say that on December 8, 1924, through their error, they were led into believing that there was in Bin No. 2, 3,581 bushels and 31 pounds, when in fact there was only 2,893 bushels and 53 pounds, but that through the error of the defendants the plaintiff was charged with the removal of only 1,176 bushels and 53 pounds from Bin No.

4. Thus the defendants say that on December 8, 1924, through their error, they were led into believing that there was in Bin No. 2, 3,581 bushels and 31 pounds, when in fact there was only 2,893 bushels and 53 pounds in that bin. Continuing, the defendants aver that thus through their mistake, they charged themselves with 3,581 bushels and 31 pounds as the contents of Bin No. 2, and that thereafter as they deducted from time to time the quantities they purchased, the error crept into each warehouse receipt by reason of the original mistake in miscalculating the contents of Bin No. 2. They allege that they have paid for all the wheat they have received, and have actually overpaid the plaintiff $159.17, and ask for judgment against the plaintiff in that amount.

The reply denies this new matter and pleads an estoppel; since the estoppel is not involved in our inquiries we shall not review these allegations.

After the plaintiff had submitted his evidence in support of the allegations of his complaint, the defendants offered evidence of the mistake averred in the answer; objections to this evidence were presented on the theory that the written instrument previously quoted "amounts to an agreement that the grain is there," and that such an agreement cannot be varied by parol evidence. These objections were sustained, and the court directed a verdict in favor of the plaintiff; judgment was entered upon it and the defendants appeal.    AFFIRMED.

For appellants there was a brief over the name of *Mr. F. J. Newman.*

For respondent there was a brief over the name of *Mr. Porter J. Neff.*

ROSSMAN, J.—1, 2. It is unnecessary to cite authorities in support of the statement that the agreement of the parties wherein the defendants agreed to purchase the plaintiff's wheat was protected by the parol evidence rule. It is this written instrument upon which the plaintiff founds this action. This document describes the article sold by using this language: "consisting of 3,581 bushels and 31 pounds of club wheat as shown by said first party's warehouse receipt." This receipt also stated the quantity as 3,581 bushels and 31 pounds. The warehouse receipts were likewise subject to the parol evidence rule: *Hirsch* v. *Salem Mills Co.*, 40 Or. 601 (67 Pac. 949, 68 Pac. 733); 4 Jones on Ev. (2 ed.), p. 2999.

The defendants do not dispute the foregoing application of the parol evidence rule to the documents introduced in evidence. Their principal contention is that the agreement should be construed as an undertaking upon the part of the defendants to purchase some grain, the exact quantity of which had not been ascertained. They relied particularly upon the fact that the agreement was not to pay a definite sum, but to pay at the rate of $1.50 per bushel. We do not believe that the agreement is susceptible of the construction that the defendants were purchasing an unascertained amount of wheat. The contract specifies the exact amount; next it refers to a warehouse receipt, and instruments of the latter class generally set forth quantity with considerable precision. It is also worthy of observation that each time wheat was withdrawn, a new warehouse receipt was issued specifying the precise quantity left in the warehouse. It would seem strange that this routine would be pursued if its final result was to mean nothing. Further it is quite unlikely that one who

had parted with the possession of his grain and placed it in the custody of a miller would be content to depart without ascertaining the quantity thus deposited. To the seller an agreement as to quantity would be just as important as an agreement as to the price. The transaction would be as likely to result without profit to the seller if quantity was subject to later review, as if the price could be later revised. In view of the fact that the wheat was deposited in bins whose dimensions were known, or at least ascertainable, it is difficult to understand why the parties would not fix the quantity then and there. But the all-important fact is that they did fix the quantity, and set it forth as 3,581 bushels and 31 pounds, and wrote the same in their formal agreement and also in a warehouse receipt. We believe that the defendants are bound by the words used. Having thus construed the contract it follows that the defendants were bound to pay $1.50 per bushel for 3,581 bushels 31 pounds.

3–6. The defendants argue that the court erred when it entered a final judgment against them; they contend that the court should have retained jurisdiction, and should have proceeded to try the allegations of the answer as a cross-bill for the reformation of the contract. This portion of the answer is entitled: "further and separate answer and defense herein, and as their counter claim herein * * " It prays for no equitable relief; it demands that the plaintiff take nothing, and that the defendants have judgment against the plaintiff for $159.17. It is true that a pleading need not be labeled, and a prayer for the wrong relief following a pleading which sets forth facts entitling the pleader to some relief does not operate to deny the proper relief, but the title and

the prayer serve a useful purpose if they indicate the pleader's conception of the use to which he expects to put his pleading. In this case the title, the prayer and the defendants course at the trial indicated that the defendant's were not endeavoring to reform an instrument, but were relying upon a theory of payment. For instance, they proceeded to trial with a jury; they did not endeavor to take answers over the objections under the equity rule and they did not endeavor to amend the pleadings when the court directed the verdict. At no stage of the proceedings in the lower court did they seek to have the answer construed as a plea for reformation of the instrument. That relief is asked for the first time in this court upon appeal. We cannot give it ourselves because the answers were not taken over objection.

7–9. With this state of the record it would seem unjust to the plaintiff to remand the case to the court below to proceed as a suit for the reformation of the instrument. Litigation is slow enough without encouraging a further delay by permitting a litigant to experiment first with the one theory and when that proves unavailing try out another on appeal. Our code of pleading permits a defendant to present as many defenses as he may possess, but he must set them forth all in the one answer, and not offer first one and have a trial upon it, and then file another.

It follows from the foregoing that the judgment of the lower court is affirmed.        AFFIRMED.

RAND, C. J., dissents, and COSHOW and McBRIDE, JJ., concur.