Argued November 13, reversed December 19, 1951

## AUSPLUND *v.* HARALAMPUS ET AL.

238 P. 2d 734

*Mood W. Eckley,* of Portland, argued the cause and submitted briefs for appellants.

*A. S. Vosburg* argued the cause for respondent. On the brief were Flegel, Vosburg, Joss & Hedlund, of Portland.

Before BRAND, Chief Justice, and HAY, LUSK, WARNER and TOOZE, Justices.

LUSK, J.

Plaintiff recovered a judgment from the three defendants, Sam Haralampus, Gust Haralampus and Esther Haralampus, upon two promissory notes executed by Sam Haralampus. The other two defendants, to whom we shall refer as the appellants, have appealed.

The trial was before the court without a jury. By objections to the findings and requests for findings the appellants have raised the question whether there is any evidence in the record to support the judgment. For a proper determination of that question it will be necessary to refer to the complaint, which, so far as now material, consists of two causes of action. As they are identical except for necessary variances as to amounts and dates, it will suffice to set out only the first cause of action. It is as follows:

"I.

"That on or about April 1, 1948, defendant Sam Haralampus, for value received, made, executed

and delivered to plaintiff a certain promissory note wherein and whereby he agreed to pay to the order of plaintiff the sum of $1,700.00 on April 1, 1949, with interest thereon until paid at the rate of 3% per annum from the date of said note, and in the event suit or action were instituted to collect said note, said defendant further promised to pay such additional sum as the court should adjudge reasonable as attorney's fees.

"II.

"In executing and delivering said promissory note and in incurring said obligation, the defendant Sam Haralampus purported to act and did act for the benefit of and purported to bind and did bind a certain copartnership consisting of defendants Sam Haralampus, Gust Haralampus and Esther Haralampus, and each of them, and plaintiff loaned the money represented by said promissory note upon the credit and for the benefit of defendants Sam Haralampus, Gust Haralampus and Esther Haralampus doing business as a partnership, and said promissory note was and is an obligation of said partnership and of the defendants Sam Haralampus, Gust Haralampus and Esther Haralampus, and each of them. That defendants Gust Haralampus and Esther Haralampus are husband and wife.

"III.

"That prior to the commencement of this action demand was made upon the defendants, and each of them, for the payment of said sum, together with interest thereon, but defendants have failed, neglected and refused to pay the same or any part thereof and that the sum of $1,700.00 together with interest at the rate of 3% per annum from April 1, 1948 until paid is wholly due, owing and unpaid from defendants, and each of them, to plaintiff.

"IV.

"That the sum of $350.00 is a reasonable attorney's fee to be allowed plaintiff in this cause of action."

The prayer reads:

"WHEREFORE, plaintiff demands judgment against the defendants, and each of them, upon her first cause of action in the sum of $1,700.00, together with interest thereon at the rate of 3% per annum from April 1, 1948 until paid and for attorney's fees in the amount of $350.00 * * *"

The findings of fact follow the allegations of the complaint with the exception of the amount allowed by the court as attorney's fees, and Finding No. V., which reads:

"That on the 1st day of April, 1948, defendant Sam Haralampus was not an employee of defendants Gust Haralampus and Esther Haralampus but was a copartner with said defendants and that defendant Sam Haralampus executed said promissory note for and on behalf of said partnership and had authority to so execute said note."

As a conclusion of law the court found:

"I.

"That there is now due and owing from defendants Sam Haralampus, Gust Haralampus and Esther Haralampus, and each of them, on account of note dated April 1, 1948 the sum of $1,700.00, together with interest thereon from April 1, 1948 at the rate of 3% per annum until paid, and the further sum of $175.00 as attorney's fees, and that a judgment should be entered in favor of plaintiff and against said defendants, and each of them, for the sum of $1,700.00 together with interest thereon from April 1, 1948 at the rate of 3% per annum until paid, together with attorney's fees in the amount of $175.00 and costs and disbursements incurred herein."

Judgment was entered accordingly on the two notes.

The appellants say that they are not liable on the notes because they did not sign them. This is clearly

so under the statute, § 69-118, O. C. L. A., which provides:

> "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; but one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

See *Logan v. Parson,* 79 Or. 381, 387, 155 P. 365; *St. Louis Union Trust Co., v. Oregon Annual Conference,* 14 F. Supp. 35 (D. Or.); 1 Daniel on Negotiable Instruments (7th ed.) 404, § 334.

Plaintiff does not argue that the law is otherwise, but contends that each of the separately stated causes of action in the complaint contains two causes of action not separately stated, one on a promissory note and the other for money lent, and that, since there was evidence which would justify a finding that all three defendants were partners and that Sam Haralampus borrowed the money for the partnership, which received the benefit of it, the judgment should be sustained. Her counsel argue that a cause of action based on the common counts, such as money lent or money received, may be joined with one on a promissory note, and that, while they should be separately stated, if no motion to that end is made the plaintiff may recover on any cause of action alleged in the complaint.

With these rules of pleadings we agree. But we are strongly inclined to the view that they are invoked here as an afterthought. It may be conceded that there is some language in the complaint which suggests a claim for money lent, but "parties are presumed to follow the requirements of statute in preparing their pleadings, and a single count or division of a petition will not be construed to state two causes of action unless the purpose of the pleader so to do clearly

appears." *C., R. I. & P. Ry. Co. v. Haywood & Son,* 102, Ia. 392, 395, 71 N. W. 358; 49 C. J., Pleading, 165, § 182. Insofar as the present question is concerned, the most that can be claimed for this complaint is that it is ambiguous. It contains no direct averment that money was lent to the appellants. The allegation that "plaintiff loaned the money represented by said promissory note upon the credit and for the benefit of defendants Sam Haralampus, Gust Haralampus and Esther Haralampus doing business as a partnership" might possibly be construed as a charge that plaintiff loaned the money to the appellants, but it seems to us that it is intended to support the allegation which follows immediately that "said promissory note was and is an obligation of said partnership." Certainly, construing the complaint as a whole, the claimed purpose to state two causes of action is far from clear. The allegation that the principal sum is due with interest at the rate of 3% per annum from April 1, 1948, that is to say, at the rate stipulated in the note and running from the day when the principal sum is to become due under the terms of the note, together with the allegation as to a reasonable attorney's fee as provided for in the note, and the prayer for an attorney's fee, and interest at the rate of 3% per annum, all strongly negative the idea of a cause of action for money lent. While it is said that the prayer is no part of the complaint (*Elliott v. Mosgrove,* 162 Or. 507, 542, 91 P. 2d 852, 93 P. 2d 1070), still it is well established that the prayer may be looked to in determining the character of the action and especially when there is ambiguity in the pleading. 71 C.J.S., Pleading, 233, § 92; 49 C. J., Pleading, 169, § 184, 175, § 188; 41 Am. Jur., Pleading, 366, § 110. As we said in *Wright v. Morton,* 125 Or. 563, 570, 267 P. 818, the

prayer serves a useful purpose if it indicates the pleader's conception of the use to which he expects to put his pleading. Of course, by asking for attorney's fees to which he would not be entitled in an action for money lent, the plaintiff did not deprive the court of jurisdiction to grant less relief than demanded. 41 Am. Jur., Pleading, 366, § 110. But, in interpreting the complaint, the fact that a demand for attorney's fees was made is not to be disregarded; and how is it possible to reconcile the claim for interest as provided in the note, instead of at the legal rate to which plaintiff would be entitled in an action for money lent, with the theory of the common counts?

■■ It is apparent that no such theory of the complaint as is now insisted upon was presented to the trial judge. He found as a fact that the defendant, Sam Haralampus, executed the notes on behalf of the partnership and that he had authority to do so; and, as a conclusion of law, that the sums to be recovered were due and owing from all the defendants on account of the notes, and granted judgment for the principal sums, interest and attorney's fees as prayed for in the complaint. Were this a mere matter of the court drawing erroneous conclusions of law from its findings of fact we could correct the conclusions of law by directing what judgment should be entered. *The Home v. Selling,* 91 Or. 428, 440, 179 P. 261, 21 A.L.R. 403. But the defect goes deeper than that, for the only issue under the complaint which the court was called upon or had the right to decide was whether the appellants were liable on promissory notes which they did not sign.

As they were clearly not so liable, we have no alternative save to reverse the judgment, with directions to enter judgment for the appellants.