Argued 18 October; decided 12 November, 1900.

## SAYLOR v. COMMONWEALTH BANKING CO.

[62 Pac. 652; 13 (N. S.) Am. & Eng. Corp. Cas. 518.]

AMENDMENT OF PLEADINGS — DISCRETION.

1.   The trial court may in its discretion allow a further answer to be filed after it has tried a plea denying the validity of plaintiff's title to the claim sued on, whether the plea was one in abatement or in bar: *Talbot* v. *Garretson*, 31 Or. 256, applied.

CORPORATION . NOTE — JUDGMENT — BURDEN OF PROOF.

2.   A promissory note of a corporation executed by the president and secretary to the president personally and endorsed by him to a third party is *prima facie* fraudulent, and a judgment thereon is no better than the note. The holder of such a judgment has the burden of proof as to the validity of both note and judgment.

COLLATERAL ATTACK ON JUDGMENT — RIGHTS OF STOCKHOLDERS.

3.   Where the president and secretary of a corporation, without the authority or knowledge of the board of directors, executed a note of the corporation to the president, on which a default judgment was subsequently rendered against the corporation after service on the president, the stockholders of the corporation were not estopped from attacking the validity of such judgment in a suit against them by the assignee to enforce its payment out of unpaid subscriptions, as the note is *prima facie* fraudulent and its validity must be proved whenever it is relied on.

From Multnomah: ALFRED F. SEARS, JR., Judge.

This is a suit by B. F. Saylor, an alleged creditor of the Commonwealth Investment & Banking Company, a corporation, against its stockholders, to subject the amount remaining unpaid on their subscriptions to the capital stock to the payment of his judgment. The facts, in brief, are that some time prior to the first day of April, 1892, the Commonwealth Investment & Banking Company was organized, with Eugene D. White as president and J. P. Marshall as secretary, and a board of thirteen directors. On April 1, 1892, White, as president, and Marshall, as secretary, without, so far as the record shows, the knowledge or authority of the direct-

ors, and without any consideration moving to the corpora-
tion, made, executed, and delivered to White, individually,
the promissory note of the corporation, for $4,000, due in six
months after date, with interest at the rate of 10 per cent.
per annum until paid.   The note was thereafter transferred
by White to Eugene D. White & Company, a partnership of
which he was the senior member, and by such company to
L. L. Hawkins, who, on January 29, 1898, commenced an
action at law thereon against the corporation, and against
Eugene D. White and Frank E. Hart, partners doing busi-
ness as Eugene D. White & Company, and Eugene D. White,
as indorsers, and sought to obtain jurisdiction of the corpo-
ration by service of the summons upon White as its president.
Thereafter such proceedings were had that on February 9,
1898, a judgment was entered by default in favor of Haw-
kins, and against the corporation, for the sum of $4,000,
with interest thereon at 10 per cent. per annum from Feb-
ruary 18, 1894, besides attorney's fees, costs, and disburse-
ments.   On February 16, 1898, execution was issued on the
judgment, and returned unsatisfied.   On the next day Haw-
kins assigned and transferred the judgment to the plaintiff,
who commenced this suit on the following day.   The com-
plaint, after reciting the incorporation of the defendant com-
pany with a capital stock of $500,000, divided into shares of
the par value of $100 each, alleges the recovery by Hawkins
on the promissory note mentioned, the return of the execu-
tion thereon unsatisfied, the assignment of the judgment to
the plaintiff, and the subscription for stock by the several de-
fendants, with the amount remaining unpaid thereon.   The
defendants Sliter and others joined in an answer, denomi-
nated a "plea in abatement," averring that the pretended as-
signment of the judgment by Hawkins to the plaintiff was
and is fictitious, that Hawkins is still the owner and holder
thereof, and is the real party in interest.   Upon the question
thus tendered, issue was joined and trial had, resulting in a

finding by the court that the judgment had been assigned by Hawkins to the plaintiff prior to the commencement of the suit, and that plaintiff is the real party in interest.

Thereupon the plea in abatement was overruled, and by permission of the court the defendants answered to the merits, denying the indebtedness as alleged in the complaint, or that the judgment therein mentioned was duly or at all recovered upon the promissory note of the defendant corporation; and, for an affirmative defense, alleging that the judgment referred to in the complaint was recovered upon the promissory note heretofore mentioned; that the White named as the payee therein is the same person who signed the same as president of the defendant corporation; that neither White nor Marshall, nor either of them, had any power or authority to execute the note in the name of or for the corporation, and that it is not and never was the note of the corporation, all of which facts were well known to Hawkins at the time he took the assignment thereof; that the judgment was obtained by default, after service of process upon White; that none of the persons connected with or interested in the corporation, excepting White, had any knowledge of the pendency of the action or of the judgment therein before the commencement of the suit; and that the making and transfer of such note, and the recovery of the judgment thereon, were in fraud of the rights of the stockholders of such corporation. The other stockholders filed answers substantially to the same purport, and, the new matter therein having been put in issue by a reply, the cause was tried on the merits, and a decree rendered dismissing the complaint, from which the plaintiff appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Harry K. Sargent.*

The note sued on was on its face the valid note of the defendant corporation and negotiable: *Hately* v. *Pike,* 162 Ill. 241 (53 Am. St. Rep. 304) ; *Falk* v. *Moebes,* 127 U. S. 597; Cook, Corp. (4 ed.), § 761.

The corporation waived all defenses and confessed the complaint to be true by making default: *Neil* v. *Tolman,* 12 Or. 289, 294 (7 Pac. 103) ; *Barrett* v. *Failing,* 8 Or. 152.

 The attack on plaintiff's judgment is collateral, hence the return of the sheriff and the adjudication of "due service" in the judgment are each conclusive that the court had jurisdiction: *Morrill* v. *Morrill,* 20 Or. 96, 101 (23 Am. St. Rep. 95, 11 L. R. A. 155, 25 Pac. 362) ; *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381, 383 (46 Am. St. Rep. 636, 38 Pac. 307) ; *Woodward* v. *Baker,* 10 Or. 491, 493 ; *Altman* v. *School Dist.,* 35 Or. 85 (76 Am. St. Rep. 468, 56 Pac. 291) ; *Northcut* v. *Lemery,* 8 Or. 317, 322 ; *Ladd* v. *Higley,* 5 Or. 296 ; 1 Herman, Estop. 316.

The judgment given by Judge Shattuck, the court having jurisdiction, necessarily affirmed the validity of the note of the defendant corporation. The fact of its validity was actually and necessarily included in the adjudication, and was necessary thereto. That fact, then, is just as conclusively settled as any other determined by the judgment: 1 Hill's Ann. Laws, § 736; *Finley* v. *Houser,* 22 Or. 562, 565 (30 Pac. 494) ; Van Fleet, Coll. Attack, §§ 62, 65 and 326; *Morrill* v. *Morrill,* 20 Or. 96, 103 (23 Am. St. Rep. 95, 11 L. R. A. 155, 25 Pac. 362) ; *Altman* v. *School Dist.,* 35 Or. 85 (56 Pac. 291, 76 Am. St. Rep. 468) ; *Berry* v. *King,* 15 Or. 165 (13 Pac. 772) ; *Crabill* v. *Crabill,* 22 Or. 588 (30 Pac. 320) ; 1 Freeman, Judg., §§ 116-118.

Stockholders are privies to a judgment rendered in favor of a creditor and against the corporation: *Nickum* v. *Burckhardt,* 30 Or. 464, 474 (60 Am. St. Rep. 822, 47 Pac. 888) ; *Stutz* v. *Handley,* 41 Fed. 531 ; *Hawkins* v. *Glenn,* 131 U. S. 332 (9 Sup. Ct. 739) ; *Glenn* v. *Liggett,* 135 U. S. 533 (10

Sup. Ct. 867) ; *Baines* v. *Babcock,* 95 Cal. 581 ; 3 Thompson, Corp., § 3192 *et seq.;* 1 Cook, Corp., (4 ed.), § 209.

For respondents there was a brief over the names of *Williams, Wood & Linthicum, Mitchell & Tanner, William A. Cleland,* and *Stott, Boise & Stout,* with oral arguments by *Messrs. Geo. H. Williams, William A. Cleland* and *Albert H. Tanner.*

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

1.   It is insisted that the answer of Sliter and others, denominated a "plea in abatement," was in fact a plea to the merits, and that the court erred in allowing the defendants to further plead after the issues made thereby were determined against them.   The pleading seems to have been treated by the court and parties until after the trial as a plea in abatement, and, whether properly so or not, we think it quite clear that it was within the discretion of the trial court to permit the defendants to further answer after it had been disposed of :   *Talbot* v. *Garretson,* 31 Or. 256 (49 Pac. 978).

2.   It is next contended that the judgment recovered by Hawkins against the defendant corporation is conclusive as to the amount and validity of the note upon which it was based, as against the defendant stockholders.   The courts are practically agreed that, in a suit by a creditor of a corporation to reach and subject to the payment of the debts of the company the amount remaining unpaid upon the shares of the capital stock, a judgment against the corporation is, in the absence of fraud, conclusive against the stockholders as to the validity of the claim.   Mr. Thompson, in his work on Corporations (volume 3, § 3392), says that, although the stockholder is denied the privilege of appearing and contesting the action upon the merits, "yet, when a judgment is rendered against the corporation, it establishes, as conclu-

sively as any judgment can establish the matter in litigation, the liability of the corporation to pay the debt. Like any other judgment, it may be impeached for fraud, or for want of jurisdiction, by a party entitled to question it, but it cannot be assailed collaterally by a stockholder for any other cause, when sought to be charged in respect of it. It is valid until reversed in a direct proceeding, and concludes the stockholder, who is in privity with the corporation." Mr. Morawetz says: "The recovery of a judgment against a corporation establishes conclusively the plaintiff's right to satisfy his judgment out of any assets belonging to the corporation, and the validity of the judgment cannot be collaterally attacked, either by the corporation or by persons who may be in possession of its assets. This rule applies with full force where a judgment creditor of a corporation seeks to recover the capital subscribed by the shareholders; for the shareholders, being represented by the corporation, have really had their day in court": 2 Morawetz, Priv. Corp. (2 ed.), § 865. And Mr. Cook says: "That a judgment conclusively settles all matters of controversy involved in the suit, so far as parties or their privies are concerned, excepting where it may be impeached for fraud or want of jurisdiction, is well-established law": 1 Cook, Corp. (4 ed.), § 209. This doctrine proceeds upon the view that the unpaid stock is assets of the corporation, liable to the payment of its debts, and that the stockholders are represented by the corporation, and bound by the judgment against it by representation. But, while a judgment against the corporation is binding upon and conclusive as against the stockholders in a suit to subject the unpaid balance due from them on their subscription to the capital stock to the payment thereof, yet, as appears from the foregoing quotations, the stockholder may in such a proceeding go behind the judgment, and impeach it for fraud: 3 Thompson, Corp., § 3400; *Bissit* v. *Kentucky River*

38 OR.—14.

*Navigation Co.* (C. C.), 15 Fed. 353; *Bohn* v. *Brown,* 33 Mich. 258.

It is argued, however, that such a defense cannot be made in this case, because it amounts to a collateral attack upon the judgment. In *Morrill* v. *Morrill,* 20 Or. 96 (11 L. R. A. 155, 23 Am. St. Rep. 95, 25 Pac. 362), it was said that "a collateral attack on a judgment is any proceeding which is not instituted for the express purpose of annulling, correct- ing, or modifying such decree"; and while, as said by Mr. Freeman in his note to that case (23 Am. St. Rep. 104), the definition as given may "be accepted as being as nearly cor- rect as a general definition can be, but, like many other gen- eral definitions, it is of little or no aid in determining such special cases as are involved in doubt sufficient to require par- ticular consideration. * * * The question most worthy of attention is not, what is a collateral attack? but is, when may an attack, though collateral, be made with success?" It is immaterial, as we view it, whether the attack in this case is strictly direct or collateral. The suit is instituted for the purpose of enforcing the judgment against persons who were not actually parties to the record on which it was rendered, and we cannot perceive why they should not be allowed to set up, by way of answer, as a reason why it should not be enforced against them, that it was obtained by fraud, and, especially, that it is invalid on its face. Such a defense seems to have been permitted in *Bank of Wooster* v. *Stevens,* 1 Ohio St. 233 (59 Am. Dec. 619); *Conway* v. *Duncan,* 28 Ohio St. 102; *Mandeville* v. *Reynolds,* 68 N. Y. 528; *War- rington* v. *Ball,* 32 C. C. A. 609 (90 Fed. 464).

Whether the doctrine of these cases, that the stockholders in such a suit may impeach the judgment for fraud *aliunde* the record, is the better view, need not be now considered. Here the invalidity of the judgment appears upon its face. The note upon which it was based is manifestly void unless it was authorized by the directors of the corporation, and it

is sufficient on its face to charge an assignee thereof with notice of a want of authority in the president and secretary to execute it: *Smith* v. *Los Angeles Co-op. Assoc.,* 78 Cal. 289 (12 Am. St. Rep. 53, 20 Pac. 677) ; *Claflin* v. *Farmers,' etc., Bank,* 25 N. Y. 293.

3. Some of the courts hold to the broad doctrine that a president or director of a corporation cannot be allowed to contract with it, for the reason that the relation between them is that of a trustee and *cestui que trust,* and the law will not allow a trustee, for his own private advantage, to do that which may place him in a position where his interest is antagonistic to that of the beneficiaries of the trust. But the view which generally prevails in this country seems to be that there is no sound principle of law or equity that prohibits a director or the executive officers of a corporation from entering into contracts and dealing with the corporation, provided they act in good faith, and the contract is properly authorized. But, whatever the true rule may be, the courts that sanction such a contract unite on the doctrine that it will be regarded by a court of equity with suspicion and distrust, and unless satisfied by the proof that it was entered into in good faith and by authority of the corporation, or has been subsequently ratified, will not lend their aid to the enforcement thereof. In other words, such a contract is *prima facie* fraudulent and void, and whoever asserts its validity must show that it was made in good faith and by authority of the proper corporate officers: *Jones* v. *Hale,* 32 Or. 465 (8 Am. & Eng. Corp Cas. [N. S.], 150, 52 Pac. 311) ; 3 Thompson, Corp., §§ 4062, 4063; *Richardson's Ex'r* v. *Green,* 133 U. S. 30 (10 Sup. Ct. 280).

Applying this rule to the contract set out in the complaint in this suit and in the judgment roll in the action brought by Hawkins, it is obviously not binding upon the corporation. It was entered into by White, as president of the corporation, with himself as an individual, without consideration, and

without the knowledge or authority of the directors, so far as the proof shows. It therefore could not be enforced against the corporation, and the subsequent judgment recovered by Hawkins does not add anything to its validity. It was a judgment by default, based upon a service made upon White, the person who executed the contract, in whose favor it was made, and who was liable thereon as an indorser. We have, therefore, an attempt to enforce against the stockholders of a corporation a judgment recovered by default upon a contract made by the president with himself as an individual, and based upon the service of process upon him. In our opinion, such a judgment is *prima facie* fraudulent and void upon its face, as against the defendant stockholders, and they are entitled to make such defense in a suit of this character. It follows that the decree of the court below must be affirmed, and it is so ordered.        AFFIRMED.