Argued November 20, reversed and remanded December 30, 1919.

## MURPHY *v.* OREGON ENGRAVING CO.

### (186 Pac. 12.)

**Pleading — Legal Sufficiency of Defensive Matter to be Tested by Demurrer.**

1. Sham, frivolous and irrelevant matter may be stricken out of a pleading; but its legal sufficiency as matter of defense must be tested by demurrer.

**Novation—Defense Showing Novation in Action on an Assigned Debt not Frivolous, Sham or Irrelevant.**

2. In an action to recover a debt on an account stated between plaintiff's assignor and his employer, a defense showing a novation between the assignor, the employer and a third party, whereby the employer should discharge assignor's debt by paying it to the third party for stock purchased by assignor from such party, *held* not frivolous, sham or irrelevant, for such novation, if performed, would constitute a good defense to the action.

**Account Stated—Single Liquidated Demand not Basis for Account Stated.**

3. It is not proper to rest a stated account upon a liquidated demand, already agreed upon and which either party is bound to pay,

as, for instance, a promissory note alone, although such an instrument might be included among numerous other items of debit and credit existing between the accounting parties.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.

After stating the corporate character of the defendant, the complaint alleges:

"That on or about the ninth day of January, 1918, an account was stated by and between said Oregon Engraving Company aforesaid, acting by and through its duly authorized president, Roy E. Robinson, wherein and whereby it was determined and stated that there was due and owing one George E. Matthews the sum of $440.75, this sum being due and owing said Matthews for labor and services performed while acting as manager of said Oregon Engraving Company aforesaid by said Matthews; that no part of said sum of $440.75 has been paid, save and except the sum of $50, leaving a balance due on said stated account of the sum of $390.75.

"That prior to the beginning of this action and for value, said account aforesaid, with said balance due and owing of $390.75, was duly sold, assigned and transferred to plaintiff herein and by reason of the premises plaintiff is now the legal owner and holder thereof and defendant is indebted to plaintiff in the sum of $390.75, which said sum has been demanded from said plaintiff and same has not been paid, nor any part thereof."

A demand for judgment follows:

The answer denies all the quoted allegations of the complaint and further sets forth matter designed to show that when Matthews contracted to purchase some stock in the defendant corporation from Robinson a novation was entered into between them and the company, whereby the latter should discharge its liability to Matthews by paying his debt to Robinson

for the stock purchased; and it is further stated that all labor and services performed for the defendant by Matthews had been fully paid for by the defendant and Robinson. According to the abstract, all the matter relating to the novation and the statement connecting Robinson with the payment to Matthews were stricken out. The reply denied the remainder of the new matter in the answer.

The court made findings of fact substantially in the language of the complaint, except that they declared the account to have been stated between the defendant and Matthews. From the ensuing judgment the defendant appealed.    REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Bartlett Cole.*

For respondent there was a brief and an oral argument by *Mr. B. A. Green.*

BURNETT, J.—It will be noted that the complaint does not show that Matthews had anything to do with the stating of the account. Neither does it show that any previous relation giving rise to debits or credits existed between him and the defendant. Strictly speaking, it does not show that the labor and services mentioned were performed by him or for the defendant. It is not averred in the complaint by whom the balance of the account was transferred to the plaintiff. No effort was made, so far as disclosed by the record, to correct the complaint in these particulars.

1, 2. The important error, however, is found in the ruling of the court striking out the matter from the answer relating to the novation mentioned. In his

brief the plaintiff contends that the motion to strike those averments from the defendant's pleading was not allowed. On that point we are bound by the statement in the abstract, to which no objection seems to have been urged. Sham, frivolous and irrelevant matter may be stricken out of a pleading, but its legal sufficiency as matter of defense must be tested by a demurrer. The new matter in the answer is subject to the criticism that it does not sufficiently show that the transaction involved in the novation was the same that the complaint described, but the motion was not sufficient to raise that question. The matter is certainly not frivolous, sham or irrelevant. If, in fact, the defendant owed Matthews and he owed Robinson, it was legitimate subject of contract that the defendant should pay Robinson for Matthews, instead of paying the latter direct, and if performed this would constitute a good defense to this action.

3. In pleading an account stated, it is much safer to show that some previous relation existed between the parties to the accounting, giving rise to debits or credits. We cannot conceive of an accounting for liability upon a tort. Neither is it proper to rest a stated account upon a liquidated demand already agreed upon and which either party is bound to pay, as, for instance, a promissory note alone, although such an instrument might be included among numerous other items of debit and credit existing between the accounting parties.

Neither party seems to have stated its case in the pleadings with model accuracy. Better statements may be accomplished by amendments, but, principally for the reason that by striking out the new matter of the answer the defendant was deprived of the right to prove a discharge of its indebtedness to Matthews

by the new contract of novation, the judgment is reversed and the cause remanded to the Circuit Court for further proceedings.   REVERSED AND REMANDED.

McBRIDE, C. J., and BENNETT and HARRIS, JJ., concur.