Argued March 12, reargued June 17, reversed and remanded
July 22, 1959, argued on rehearing January 13, former
opinion adhered to April 20, second petition for
rehearing denied May 17, 1960

# BANDY *v.* NORRIS, BEGGS & SIMPSON
342 P. 2d 839
351 P. 2d 445

*William C. Ralston,* Portland, argued the cause for appellant. With him on the brief were Phillips and Sandeberg, of Portland.

*Nels Peterson,* of Portland, argued the cause for respondent. With him on the brief were Peterson & Pozzi and Berkeley Lent and Philip A. Levin, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, LUSK, WARNER, SLOAN, O'CONNELL and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal from a judgment of the Circuit Court of Multnomah County for $39,552.05 and $84.41 costs and disbursements pursuant to a verdict in favor of plaintiff, rendered in an action based upon alleged common-law negligence and upon negligence resulting from an alleged violation of the Employers' Liability Act, all having to do with an alleged employer-employee relationship and wherein plaintiff claimed damages arising out of personal injury.

As and for its first assignment defendant attempts to demur to plaintiff's amended complaint on the ground that such complaint does not state facts suffi-

cient to constitute a cause of action. The complaint, after alleging the corporate capacity of defendant, states that the said defendant employed plaintiff in the capacity of elevator operator in the Central Building in Portland, Oregon; that on October 6, 1954 plaintiff was upon an elevator in said building, preparing to depart from the basement, when the elevator was caused to be suddenly started while plaintiff was partly standing on a 14-inch ledge adjacent to the elevator, causing her to be thrown into the elevator shaft approximately six feet deep, and injured. Plaintiff charges various specifications of negligence. These have to do with suddenly starting the elevator without ascertaining the location and position of plaintiff; failure to stop or to control after suddenly starting; failure to warn, and in failing and neglecting to construct or alter the elevator doors so that the same were in close proximity to said elevator and the shaft thereof inclosed. An additional specification charges defendant with negligence

"In failing and neglecting to use every care, device and precaution practicable to have been used in that said defendant could have ascertained the location and position of this plaintiff before suddenly starting said elevator, could have stopped or properly controlled said elevator after starting same, could have warned plaintiff of intention to start said elevator, and could have so constructed and arranged the doors so that they were in close proximity to the edge of the elevator, inclosing the shaft thereof, which precautions and devices would not have impaired the efficiency of said electrically operated elevator or the operation thereof."

As a result plaintiff alleges she received injuries to her back, chest, ribs, left arm and hand, fracture of her spine, ribs, sternum, to her damage in the sum

of $50,000. Plaintiff also alleges special damages by way of doctor, hospital expenses and loss of wages.

In support of its contention that the amended complaint does not state a cause of action, defendant argues that, in part, plaintiff is attempting to proceed under the Employers' Liability Law and particularly under ORS 654.305, commonly referred to as the "and generally clause" and which reads as follows:

> "Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

In making this contention defendant has reference to that specification of negligence which charges defendant with "failing and neglecting to use every care, device and precaution to have been used" in the particulars hereinbefore set forth. In the first place, defendant misconceives the theory of plaintiff's complaint. A careful reading discloses that it not only proceeds on the theory of a violation of the Employers' Liability Act but also on the theory of common-law negligence, i.e., the duty of an employer to furnish his employee a safe place to work. A complaint alleging several specifications of negligence is sustainable as against a demurrer, if the complaint is sufficient as to any one of them. *Hough v. Grants Pass Power Co.,* 41 Or 531, 69 P 655. Since the specifications having to do with the common-law duty are so clearly suffi-

cient, it follows that the ground of the demurrer cannot be sustained.

But, even though the complaint contained only the specification of negligence which defendant claims is objectionable, the grounds of the demurrer asserted here for the first time cannot be sustained. Defendant says there is no allegation that the defendant was either the owner, contractor or other person in charge of, or responsible for any work involving a risk or danger to the employees, and that under ORS 654.305, above set forth, such allegation is necessary. In the first place, it is alleged that defendant employed plaintiff in the capacity of elevator operator in the Central Building and that she was in an elevator in said building at the time of the accident, and that defendant was negligent in not inclosing the shaft, etc. While the complaint leaves something to be desired in such statement, it must also be kept in mind that a demurrer was not interposed in the court below nor was it subjected to motion to strike or to make more definite and certain. Further, at the trial it clearly appeared that the defendant was in charge of the building. Upon appeal, a complaint not demurred to or moved against in the trial court, every reasonable inference is resolved in support thereof. *Sterrett v. Hurlburt et al.*, 129 Or 520, 522, 275 P 689, 278 P 986. Under the circumstances it appears therefore that the complaint is sufficient at this stage of the proceeding and further that defendant was not thereby misled. But even so, defendant says, in effect, that since the complaint does not specifically allege that the work involved risk and danger, the questioned specification is bad en toto. We agree with defendant's legal contention to the effect that under the Employers' Liability Act it is necessary that the com-

plaint show that the work involved risk or danger. In this connection attention is called to ORS 654.310 which is a part of the Employers' Liability Law and which is entitled "Protective measures to be observed regarding certain machines, equipment and devices which are dangerous to employes." The statute provides, in part, that any person engaged in the use of any dangerous appliance or in the operation of any machinery shall see that "All shafts, wells, floor openings and similar places of danger are inclosed." An elevator is machinery within the definition of the statute. *Thompson v. Union Fishermen's Co-op. Packing Co.,* 118 Or 436, 235 P 694, 246 P 733; *Poole v. Tilford,* 99 Or 585, 195 P 1114.

While again, the complaint leaves something to be desired, we are of the opinion that, in view of the statutory provisions, and in the absence of any demurrer or motion in the trial court, the complaint is sufficient and that it does appear that the work involved risk and danger to the employee.

In *Rorvik v. North Pac. Lumber Co.,* 99 Or 58, 190 P 331, 195 P 163, where liability was predicated under the Employer's Liability Act, and where plaintiff did not allege that the work in which plaintiff's decedent was employed, involved risk and danger but did allege the circumstances, it was held that the complaint was sufficient on appeal where no demurrer or motion was interposed before the appeal.

The next assignment claims error on the part of the trial court in striking defendant's supplemental answer and challenge to plaintiff's complaint. This supplemental answer and challenge attempted to evoke the protection of the Workmen's Compensation Act. After the court granted a motion to strike said supplemental answer and challenge, the plaintiff filed

an amended complaint which was the complaint used in the trial. Where an amended complaint is filed, the original complaint ceases to be a part of the pleading. *Mumper v. Matthes,* 186 Or 357, 364, 206 P2d 86. Since the amended complaint superseded the original complaint, the error, if any, is of no consequence, and hence there is no merit in this contention.

Defendant's next assignment of error has to do with the action of the court below in striking the supplemental answer and challenge and plea in abatement filed by defendant to the amended complaint. The assignment fails to mention that there are in fact three supplemental answers and challenges, nor does it set forth in such assignment plaintiff's motion to strike, the allowance thereof being claimed as error, all in contravention of Rule 16 of this Court. We would be thereby justified in refusing to review the assignment. See *Scheufele v. Newman,* 187 Or 263, 210 P2d 573. However, the assignment does refer to page 2 of the bill of exceptions from which we learn that there were three supplemental answer and challenges, as well as a so-called plea in abatement, all of which are set forth in the abstract.

Defendant in his first supplemental answer and challenge alleges, in effect, that the plaintiff was an employee of the estate of Rose White, deceased, who owned and operated the Central Building, and that said employer was engaged in a hazardous occupation as defined by the Workmen's Compensation Law in the operation of said building, and that "both the plaintiff and her employer were subject to said law." The answer further alleges that the defendant was the managing agent of the Estate of Rose White in operating the building. Defendant further alleges that subsequent to her injuries plaintiff filed a claim with

the State Industrial Accident Commission for compensation for her injuries and proceedings were had on such claim, resulting in payment to plaintiff by said Commission of the benefits to which she was entitled. Defendant further alleges that at the time plaintiff "received her injuries, she was a workman subject to the Compensation Law and was employed by an employer subject to said law, and she was on premises owned and operated by her employer, namely, the Estate of Rose White, deceased, by reason whereof the plaintiff is exclusively confined to her claim under the Workmen's Compensation Law in lieu of any and all claims against the defendant arising out of the accident or because of any injury or disability therefrom."

In the second supplemental answer and challenge defendant sets up the same allegation of the first supplemental answer just referred to with reference to the fact of employment by the Estate of Rose White, deceased, in the operation of the Central Building, and with reference to the claim filed with the State Industrial Accident Commission and the further proceedings thereon, and then further alleges that "Plaintiff did not elect to prosecute a third party action against the defendant as required by the Workmen's Compensation Law and in so failing, the plaintiff has no right to prosecute the present action and has no right to recover."

In the third supplemental answer and challenge defendant makes the same allegation as in the second supplemental answer and challenge except with reference to a third party action, as quoted just above, and in lieu thereof, alleges "that the elevator described in the amended complaint was located upon and as a part of the premises owned and maintained by the

Estate of Rose White, deceased, known as the Central Building, and at the time of her accident the plaintiff was on the premises of her employer and was engaged in her employment and was not at any time away from the plant of her employer."

The plea in abatement heretofore mentioned, after alleging the corporate capacity of defendant, further alleges that said defendant was the managing agent of the Central Building, the property of the Estate of Rose White, deceased, and that plaintiff, while employed as an elevator operator thereon received injuries and thereafter applied for and received benefits and payments from the State Industrial Accident Commission, and "that by reason of applying for and receiving said benefits by the plaintiff, the State Industrial Accident Commission is subrogated to the rights of claim of the plaintiff, if any."

To these various supplemental answers and challenges, as well as the plea in abatement, plaintiff filed a motion to strike on the ground that answers and plea were sham, frivolous, irrelevant and immaterial and did not constitute a defense or as to the plea, a matter in abatement. Both of these motions were allowed by the court, the Honorable James R. Bain presiding, and these various pleadings were stricken on the ground that the complaint tendered the issue as to whether or not plaintiff was an employee of defendant.

"(1) Every workman subject to ORS 656.002 to 656.590 while employed by an employer subject to ORS 656.002 to 656.590 who, while so employed, sustains an accidental injury, or accidental injury to prosthetic appliances arising out of and in the course of his employment and resulting in his disability, or the beneficiaries of such workman, if the injury results in death, are entitled to receive

from the Industrial Accident Fund the sums specified in ORS 656.002 to 656.590. The repair or replacement of prosthetic appliances so injured shall be provided subject to the approval of the commission.

"(2) The right to receive such sums is in lieu of all claims against his employer on account of such injury or death, except as otherwise specifically provided in ORS 656.002 to 656.590." ORS 656.152.

In construing this statute with reference to the protection afforded the employer under the Workmen's Compensation Act, it has been held, as follows:

"An injured workman cannot have both an award of compensation and an action for damages against a purported tort feasor except in the specific instances mentioned in the act. In all cases, except the rare exceptions set forth in the act, compensation, and that alone, is the measure of recovery. Compensation, unless an exception, is the exclusive remedy. * * *" *Kowcun v. Bybee,* 182 Or 271, 296, 186 P2d 790.

It might be argued that *Kowcun v. Bybee,* supra, does not here apply, on the theory that it is not shown that plaintiff was employed by an employer subject to the Workmen's Compensation Act. We hold that if it be true that plaintiff has applied for and received benefits under the Act, it is now too late to raise that question unless she can, on some theory of mistake, return the benefits she has received and cause the record before the Accident Commission to be expunged. The reason therefore lies in the fact that not only is the State Industrial Accident Commission a quasi-judicial tribunal created by the Legislature, with exclusive jurisdiction, subject to judicial review, to determine the question of who is entitled to an allowance of compensation as an employee of an employer

subject to the act, but that the remedy provided therein is exclusive. That such is the case clearly appears from the statutes involved and our prior decisions.

A judicial tribunal may be defined as a legal body given power to decide upon the legality of claims and construe and apply the law and define the rights of parties with reference to transactions already had. See, *In re Commissioners of Counties Comprising Seventh Judicial District*, 22 Okl 435, 98 P 557, 559; *Merrill v. Sherburne*, 1 NH 204, 8 Am Dec 52. See, also, *Isbill v. Stovall* (Tex Civ App) 92 SW2d 1067, 1070; Black's Law Dictionary, 4th Ed 986 (defining judicial power).

That the State Industrial Accident Commission in the allowance of claims for compensation is so regarded appears in *Chebot v. State Industrial Acc. Com.*, 106 Or 660, 669, 212 P 792, wherein this court in discussing the right to appeal refers to the Commission as a "tribunal." Further, ORS 656.282 provides, in part, that "The Commission may hear and determine all questions within its jurisdiction." We assume that it will not be necessary to cite authority to the effect that the Commission not only has the power, but the duty, to determine in the first instance, the right to compensation. ORS 656.290 which may be referred to as the appeal section of the Workmen's Compensation Act provides, in part, that "(1) If the court determines that the commission has acted within its power and has correctly construed the law and facts, the decision of the commission shall be confirmed; * * *." In other words, the Legislature has delegated to the Commission the sole power to decide, subject to judicial review.

In *Chebot v. State Industrial Acc. Com.*, supra, it was stated, at page 670, that the act was "plainly

intended to effect a withdrawal from interference by the courts of all questions relating to compensation to employees injured in hazardous employments, so far as that result is practicable or attainable, in view of the absolute right of the individual to invoke the power and jurisdiction of the courts to prevent rank injustice or the denial of substantial legal rights." At pages 666 and 667 of the same case it was stated that "The statute gives the commission general jurisdiction over the Industrial Accident Fund and over the employers and employees contributing thereto, and special jurisdiction over the particular case of an injured workman when such workman filed with the commission his application for compensation." That such jurisdiction was to be deemed exclusive clearly appears from the purpose for which the legislation was enacted. "The purpose in adopting the Oregon compensation law was to protect the employer as well as the employee and his beneficiaries, and to avoid the expense and delay incident to litigation." *Bigby v. Pelican Bay Lbr. Co.*, 173 Or 682, 692, 147 P2d 199. In the case last cited it was also held, at page 692, that "The rights and remedies provided by the workmen's compensation act are exclusive." To the same effect, see *Kowcun v. Bybee,* supra; *Ellis v. Fallert,* 209 Or 406, 412, 413, 307 P2d 283; *Hall v. Copco Pacific, Ltd.*, 224 F2d 884, 886.

It is to be noted that ORS 656.152(2) expressly provides that "The right to receive such sums is in lieu of all claims against his employer on account of such injury or death, * * *." We hold this to mean any employer, in view of the purposes of the Act and the exclusive jurisdiction given the Commission. The statute does not say "in lieu of compensation", or "in lieu of a cause of action", but, "in lieu of all claims,"

as was pointed out in *Ellis v. Fallert,* supra, at page 412. See, Article entitled "Res Judicata as Regards Decisions or Awards Under Workmen's Compensation Acts", 122 ALR 550, at pages 594 and 595, and cases there cited. We think the decisions there noted are to the effect that once the finding as to employer and employee relationship is made by the tribunal intrusted with that duty, the decision is final and conclusive until set aside.

If it be true that plaintiff is accepting compensation from the State Industrial Accident Fund through contributions to the fund made in her behalf by the Estate of Rose White, then the situation here would be analogous to one where plaintiff having sued the Estate of Rose White on the theory of employer-employee relationship, and having recovered a small amount and being dissatisfied therewith, and without making restitution or expunging the record, sues another person for the same injury on account of an employer-employee relationship in an attempt to recover twice for the same injury, thus effecting a double recovery. This is the very thing the court abhorred in *Matheny v. Edwards Ice Machine & Supply Co.,* 39 F2d 70. We therefore hold that under proper allegations defendant is entitled to raise the defense of the protection afforded by the Workmen's Compensation Act, as provided by ORS 656.152(2). Further, to hold otherwise we would, in effect, presume that the Commission had not properly performed its function, when the presumption is the other way, that is, that official duty was regularly performed and hence compensation was allowed to one entitled thereto. We wish to further point out that this construction is consistent with the general statutory plan relating to provisions of the Workmen's Compensation

Act. Plaintiff may still bring her action if she comes within one of the statutory exceptions. Where a servant has taken advantage of the Workmen's Compensation Law he cannot recover of his employer unless he brings himself within one of the exceptions mentioned in the Act. *Jenkins v. Carman Mfg. Co.*, 79 Or 448, 451, 155 P 703. To hold otherwise could only lead to confusion, in view of our earlier holdings, and a return to the courts of that jurisdiction previously denied them. It should be pointed out that the defendant at the trial offered in evidence (not received) an original file showing that the plaintiff has actually appealed to the circuit court from an award of the State Industrial Accident Commission, being dissatisfied with the benefits accorded her.

It should be further pointed out that the construction here adopted is in accordance with the constitutional requirement of equal protection of the laws in that it is required that a law shall affect alike all persons in the same class and under similar conditions. In this case, the construction adopted treats alike all persons who have accepted the benefits of the Workmen's Compensation Act. It would indeed be an anomalous situation that would allow one person, who has accepted the benefits of the Act, to sue his employer on some theory other than the exceptions enumerated in the Act and deny the same privilege to the great majority who accept such benefits.

In view of the law, as above stated, defendant is apparently attempting by its several supplemental answers and challenges and plea in abatement to evoke the protection of the Workmen's Compensation Law for and on behalf of defendant. Defendant argues that such supplemental answers and challenges are

permissible under ORS 656.154 and ORS 656.324, the pertinent portions of which read as follows:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation." ORS 656.154.

"A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenges shall be determined by the court as a matter of law." ORS 656.324(3).

In *Kowcun v. Bybee,* supra, 182 Or 271, 285, the words "third person" as used in the Workmen's Compensation Law, were defined as "a third person not in the same employ."

See also, *Plummer v. Donald M. Drake Co.,* 212 Or 430, 438, 320 P2d 245; *Bigby v. Pelican Bay Lumber Co.,* 173 Or 682, 147 P2d 199; *King v. Union Oil Co.,* 144 Or 655, 24 P2d 345; *Matheny v. Edwards Ice Machine & Supply Co.,* 39 F2d 70. Since the first supplemental answer and challenge alleges that defendant was the managing agent of the Central Building of and for the Estate of Rose White, it follows that both plaintiff and defendant were in the same

employ and hence under the definition given, defendant could not be a third party; and therefore was not entitled to the challenge so prescribed by statute. Further, since the amended complaint directly alleges defendant was the employer of the plaintiff, it follows that a third party action was not involved in any event, and hence all three of the challenges are insufficient as challenges under ORS 656.324.

Since each of these so-called pleadings were entitled supplemental answers and challenges and since they cannot be sustained as challenges, can they be sustained as answers? "It is a general rule that the character of a pleading is to be determined, not from the title given it but from its allegations." 1 Bancroft Code, Pleading, Section 7, page 19. See, also, *Wright v. Morton et al,* 125 Or 563, 569, 267 P 818; *Smith v. Martin,* 94 Or 132, 140, 185 P 236; *Saylor v. Commonwealth Banking Co.,* 38 Or 204, 62 P 652. Further than that, since these pleadings were entitled answers as well as challenges, it appears that the defendant's theory also encompassed such pleadings as answers. They were also so treated by the plaintiff, since one of the grounds of the motion to strike was based on the contention that they did not state a defense. This court therefore concludes that it may also consider such pleadings as answers.

Does the first supplemental answer submit a defense? Some of the allegations do not. For example, in each of the said answers it is alleged "that both the plaintiff and her employer were subject to said law," the word "law" having reference to the Workmen's Compensation Law.

In *Coblentz v. State Ind. Acc. Com.,* 203 Or 258, 262, 279 P2d 503, it was alleged that the plaintiff "was not subject to the Workmen's Compensation

Law of California" and such allegation was held to be a conclusion of law and "the ultimate question for determination by the court * * * based upon facts well pleaded and proved." The same reasoning applies to the questioned allegations in this case. A conclusion of law in a pleading is not issuable, requires no denial, does not aid the pleading and amounts to a nullity. *Kelley v. Mallory*, 202 Or 690, 697, 277 P2d 767. The same reasoning applies to the allegation, "said employer was engaged in a hazardous occupation as defined by the Workmen's Compensation Law." As a matter of fact, we are of the opinion that the work was not classified as hazardous under the statute. See ORS 656.084. Nor has it been declared hazardous by the Commission by virtue of ORS 656.086.

From the first answer, stripped of its nonessentials and aided by the amended complaint, it appears that plaintiff was an employee of the Estate of Rose White, deceased, in the operation of the Central Building, and that at the time mentioned in the complaint, defendant was the managing agent for the estate in the operation and management of said building, and that plaintiff filed her claim for her injuries with the State Industrial Accident Commission and received benefits. We already know from the complaint that the accident happened in the Central Building and there is enough to indicate it was the same accident to which both pleadings refer. Defendant fails to show by its pleading that the Estate of Rose White made its contribution to the State Industrial Accident Fund and that it was on that basis plaintiff was making her claim. While the pleading, therefore, was deficient, at least in that respect it did contain some elements of a defense. A motion to strike cannot take the place of a demurrer. *Murphy v. Oregon Engraving Co.,*

94 Or 534, 186 P 12. Since the pleading contains some elements of a defense, the motion to strike was improperly allowed.

Since plaintiff is alleged to have accepted the benefits of the Workmen's Compensation Law, under the doctrine of *Kowcun v. Bybee,* supra, referred to above, she is concluded, unless she can show a cause of action under one of the exceptions to the act set forth in ORS 656.312, hereinafter quoted:

> "If a workman of an employer engaged in a hazardous occupation in violation of ORS 656.052, or of an employer in default, as provided in ORS 656.560, receives an accidental injury in the course of his employment, or if a workman receives an accidental injury due to the negligence or wrong of a third person, entitling him under ORS 656.154 to seek a remedy against such third person, such workman or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person. If a workman leaves beneficiaries who are minors, the right of election shall be exercised by their surviving parent, if any; otherwise, such election shall be exercised by the guardian." ORS 656.312.

We have already held under the allegations of the answer that defendant is not a third party and that the occupation is not hazardous. Does it appear that defendant is an employer in default as provided in ORS 656.560? Obviously not, since no default is alleged.

With relation to third parties, ORS 656.324(2) provides that "In any third party action brought pursuant to ORS 656.002 to 656.590, the fact that the injured workman or his beneficiaries are entitled to or have received benefits under ORS 656.002 to 656.590 shall not be pleaded or admissible in evidence."

There is no such provision with relation to defaulting employers. Therefore plaintiff, since she is proceeding against an employer, unless she denies having received benefits, must now allege and show that she comes under one of the exceptions of ORS 656.312 and in this instance, that the defendant was a defaulting employer. Under the conclusion reached, it appears, and we hold, that the court was in error in striking the first answer.

Since it is not contended by plaintiff that defendant was a third party, the second answer was not responsive and hence was properly stricken. Further, the matter of election of remedies is not involved here, since plaintiff, if she accepted the benefits of the Workmen's Compensation Law, was without any other remedy unless she can show that the defendant was a defaulting employer.

With reference to the plea in abatement, defendant argues that by virtue of ORS 656.314 the State Industrial Accident Commission should have been joined as a party plaintiff and the action abated until that was done, since that statute provides that the Commission has a lien in the amount of the compensation paid to the workman under the provisions of the Workmen's Compensation Law of this state. An examination of the statute, in the light of companion statutes, discloses that it deals with actions by a workman against a third party, a delinquent employer or a non-participating joint employer. We have already held that a third party action or an action against a defaulting employer is not here so far involved. The plea makes no allegation with reference to a non-participating joint employer or a delinquent employer, and hence the plea was properly stricken.

In view of the conclusions reached, it becomes un-

necessary to discuss the remaining assignments of error. Since defendant was deprived of a defense, the case must be reversed and remanded with directions to reinstate the first answer except with regard to the conclusions of law stated therein which should be stricken.

LUSK, J., specially concurring.

As I view this case, the controlling question is whether the plaintiff is precluded from maintaining this action for damages under the Employers' Liability Law by the fact that she applied for and received an award of compensation for the identical personal injury under the Workmen's Compensation Law. This issue is raised by the so-called first "Supplemental Answer and Challenge," which may properly be treated as a plea in bar. This answer alleged, in substance, that the plaintiff was an employee of the Estate of Rose White, Deceased, at the time she was injured, that both the plaintiff and her employer were subject to the Workmen's Compensation Law, and that the plaintiff filed a claim with the State Industrial Accident Commission for compensation under the Workmen's Compensation Law, and that the Commission paid to the plaintiff benefits to which she was entitled under the Act. The ruling of the circuit court which sustained the plaintiff's motion to strike this pleading was, in my opinion, erroneous.

A decision of the State Industrial Accident Commission awarding compensation to a workman for disability carries with it, of necessity, findings of the Commission that the workman sustained personal injury while employed by an employer subject to the Act, and that such disability was the result of injury by accident arising out of and in the course of such

employment. Unless these conditions are present, the Commission is without jurisdiction to make an award. ORS 656.152 (1). It, of course, must be presumed, in the absence of evidence to the contrary, that the Commission acted lawfully and within its jurisdiction. By subdivision (2) of ORS 656.152, "the right to receive" the sums awarded is "in lieu of all claims against his employer on account of such injury" except as otherwise specified in the Act. The only exceptions found in the Act are these:

(1) Injury due to the negligence or wrong of a third person not in the same employ. ORS 656.154.

(2) Injuries sustained by a workman of an employer engaged in a hazardous occupation in violation of the Act. ORS 653.212.

(3) Injury sustained by a workman of an employer in default. ORS 653.212.

It is not for the court to read additional exceptions into the Act. *Kowcun v. Bybee,* 182 Or 271, 292-296, 186 P2d 790. See, also, *King v. Union Oil Company,* 144 Or 655, 663, 24 P2d 345, 25 P2d 1055. It is an appropriate case for application of the maxim, *expressio unius est exclusio alterius. Prima facie,* therefore, the pleading states facts which constitute a defense to the action. If it had been the plaintiff's position that the case falls within any of the three exceptions set forth in the statute, that was a matter to be pleaded and proven by her.

In point of fact, the plaintiff makes no such claim. Her position from the beginning was, and still is, that she can avoid the provision of ORS 656.152 (2) against double recovery by giving back the money she received from the Commission. But that section provides that: "*The right* to receive such sums is in lieu of all claims," etc. (Italics added.) Plaintiff's "right" is established

by the award and, there being no suggestion of fraud or mistake, the Commission, no longer having jurisdiction except for the purpose of considering a change in the physical condition of the plaintiff and modifying the award if a change should be found *(Dimitroff v. State Ind. Acc. Com.,* 209 Or 316, 333, 306 P2d 398; *Hoffmeister v. State I. A. Com.,* 176 Or 216, 221, 156 P2d 834; 122 ALR 594-595; 58 Am Jur 893, Workmen's Compensation § 509), is powerless to vacate or otherwise alter its decision that plaintiff is entitled to compensation under the Act, and, so far as I know, is without authority to receive the money if it should be tendered. Certainly, the verdict of the jury in this case can not have the effect of invalidating the Commission's decision or "the right" of the plaintiff which the decision established.

Plaintiff first filed a claim for an injury sustained by her as an employee of her employer, Rose White. The portion of the claim which is required to be executed by the claimant's employer was made out by the defendant, Norris, Beggs & Simpson, as agents for Rose White, the claimant's employer. Subsequently, the plaintiff filed another claim for the same injury in which she named her employer in the alternative as "Norris, Beggs & Simpson, or Rose White Estate." The second claim was received by the Commission on November 13, 1954, and on January 13, 1955, this action was commenced. On October 25, 1955, the attorneys for the plaintiff addressed to the Commission a letter which was not received in evidence, but is a part of the record before us as Defendant's Exhibit 40 for identification. By this letter, the Commission was advised that plaintiff's attorneys were enclosing the Commission's form "32C-Rev.", entitled "Election to Proceed Against Third Party", and that the word

"third" was stricken out and the word "another" substituted therefor. The letter continues:

"We contend in the above entitled action [the instant case] that Norris, Beggs & Simpson was the employer of the plaintiff and thus not a third party under the provisions of the Workmen's Compensation Act of the State of Oregon. Therefore, the reason for the change in this form is to comply with any possible regulation of the Commission, but by filing the same it is not to be deemed as any admission that Norris, Beggs & Simpson is a third party or is other than an employer of the plaintiff. Upon the trial of the above entitled action we presume that the defendant Norris, Beggs & Simpson will contend that the plaintiff was employed by the Rose White estate. It is our understanding that if Norris, Beggs & Simpson was plaintiff's employer and had not complied with the Act, recovery can be had against Norris, Beggs & Simpson, but the Commission must be repaid the compensation which has been or will be awarded to Mrs. Bandy upon her claim filed with the Commission, and that no notice of election is necessary or required under any of the laws of the State of Oregon."

It is clear, therefore, that plaintiff does not seek to bring herself within any of the exceptions in the Act. In her brief, she expressly disclaims reliance on any such theory.

It is, of course, true that there is nothing in the Act to prevent an employee from suing his employer for negligence where neither is under the act. But the question here is as to the effect of the award which the plaintiff sought and obtained from the Commission. While it is not *res judicata* in the technical sense, for the defendant was not a party to the proceeding before the Commission, it does, as I view it, have the force of a judgment for the purposes of the present

case. It establishes the fact that plaintiff was the employee of an employer under the Workmen's Compensation Law, who was awarded compensation for an injury. The pleading under consideration shows that the injury for which she now sues was the same one for which she received compensation. The statute steps in to prevent maintenance of this action.

It was entirely proper, in my judgment, for the plaintiff to proceed in the alternative in filing her claim with the Commission, and also to file the present action. It is stated in 1 Schneider, Workmen's Compensation (perm ed) 239, § 98: "It is not unusual in instances of doubt as to jurisdiction to file suits at common law and also make claim for compensation within the jurisdictional period." If this is not done, the claimant may lose in both forums by the running of the short jurisdictional time for filing a claim with the Commission, and by an adverse decision in the action in court. In this case, had the Commission rejected the plaintiff's claim for compensation, she would have been entitled to maintain the present action, but, since she successfully invoked the jurisdiction of the Commission and has received the sums awarded, she is precluded by having done so from a second recovery for the same injury against the defendant in this action.

I am unable to see validity in the suggestion that the plaintiff is placed in a "very precarious position" by what the court holds today. She was represented by able and experienced counsel, who took the very steps necessary to protect her rights. She has received an award from the Commission which presumably is adequate to compensate her for her injury. Her position is no different than that of thousands of others who every year receive compensation for injury under the

Workmen's Compensation Law in lieu of the right which, but for that law, they would have had to maintain an action for damages at common law or under the Employers' Liability Act.

I concur in the result of Judge MILLARD's opinion.

WARNER, J., concurs in the foregoing opinion.

SLOAN, J., specially concurring.

The only issue presented to the trial court and this by the pleadings in the case was the employment status of plaintiff. Was she an employe of defendant? The trial court properly allowed the motion to strike the first supplemental answer. That pleading is allowed only by statute for a precise limited purpose. We should not license its use as a general pleading. Worship of the form of pleading is not to be desired. But a party should not be called upon, in this court, to meet a defense resurrected from a pleading properly stricken by the trial court. The supplemental answer is not available to challenge the right of a person who sues her employer only on allegations of the negligence of the employer. The allegations in the supplemental answer, if a defense, could have been alleged by defendant's answer.

However, the defendant was denied the right to present all the evidence directed to the plaintiff's employment status. The defendant's denial, by answer, that plaintiff was its employe entitled the defendant to present all the evidence involving that question. By proper assignments of error the defendant presents the refusal of the trial court to permit defendant to prove that plaintiff had fully prosecuted her claim for compensation to the commission, had appealed the amount of the award to the circuit court and, at that time, was accepting the benefits of the award by the

commission. The trial court also refused to admit the communication of her attorney to the commission, forwarding the claim for compensation (Exhibit 39) and the entire claim form as it was submitted to the commission. All this evidence was very material. The jury was entitled to know not only that plaintiff had made a claim to the commission, but had received the benefits of an award and had appealed the amount thereof to the circuit court, claiming as an employe of the Rose White Estate. The jury only knew the claim had been filed. However, for all the jury knew the claim had been denied The refusal to receive this evidence was highly prejudicial. It certainly could be considered most probable that had the jury been fully informed it would have concluded that plaintiff was not defendant's employe. The case should be reversed for this reason.

The other issues discussed by the majority and dissenting opinions and the specially concurring opinion of LUSK, J., are not properly before us. There was no pleading or evidence to indicate upon what basis the I.A.C. allowed an award. Until we are advised by pleading and evidence our opinion is advisory only. We have nothing before us to require our present determination of the issue.

I would remand the case for new trial and permit the parties to make such amendment as they deem necessary to present their respective theories of the case.

O'CONNELL, J., dissenting.

I cannot agree with the opinion adopted by the majority of the court. My reasons are as follows:

The Workmen's Compensation Act provides that every workman *subject to* the Act *while employed by*

*an employer subject to the Act* is entitled to receive from the Industrial Accident Fund compensation under appropriate circumstances. (ORS 656.152). In the present action the plaintiff contends that she was injured by an employer who was *not subject to the Act.* There is no question but that she would be permitted to maintain such an action in the same manner as if the Act were not in existence unless the Act in some way limits her right to proceed in this manner.

The Act is drawn into consideration because the plaintiff filed a claim for compensation under it. This, on its face at least, appears to involve an inconsistent stand on the plaintiff's part because if the assertion which she now makes is true and the defendant was her sole employer then the defendant would not have been covered by the Act and this plaintiff would not have been entitled to receive compensation from the Fund. If the Commission's determination that the plaintiff should receive compensation was an adjudication that the Rose White Estate was the plaintiff's employer the filing of the action in the present case could present an additional question as to the conclusiveness of the Commission's adjudication in a subsequent separate action in the circuit court. Although, as it will presently appear, we are not required to pass on that question in view of the peculiar facts of this case, it would seem clear that since the Commission sits as a quasi-judicial tribunal in passing upon the claims presented to it, an adjudication by it that the Rose White Estate was the sole employer of the plaintiff could not be collaterally attacked by the plaintiff in a subsequent action.

But in the instant case there is nothing in the record to show either that the plaintiff sought a determination that the Rose White Estate was her

employer or that the Commission's award was predicated upon that assumption. The award could have been based upon one of several findings as to the employment status of the plaintiff. The Commission could have decided that the defendant was the plaintiff's sole employer, or that the Rose White Estate was the sole employer, or that they were joint employers, or it is possible that the Commission did not decide whether the Rose White Estate or the defendant was the employer but that compensation would be payable either because the Rose White Estate was a covered employer or, if not then, because the defendant was an employer engaged in a hazardous occupation who was in violation of the Act.

The brief of the amicus curiae, who is an attorney for the Commission, states that the award in this case was made on precisely this last alternative basis, and, although we cannot judicially recognize it as a fact it lends support to the conclusion that the Commission's award is not necessarily an adjudication that the defendant was not the plaintiff's employer. There is then no legal obstacle to the adjudication by the circuit court that under these circumstances the defendant was the plaintiff's sole employer.

However, granting this, it is still necessary to decide whether the Act requires us to hold that the filing of the claim precluded the plaintiff from pursuing a separate action against her employer.

ORS 656.152(2) is relied upon by the majority as an expression of the legislative intent that the receipt of an award "is in lieu of all claims against his employer on account of such injury or death except as otherwise specifically provided in ORS 656.002 to 656.590," and that since no provision is made for a separate action against an uncovered employer under

circumstances such as those in the instant case, the award is the plaintiff's exclusive compensation.

I do not interpret ORS 656.152 to call for this conclusion. As already pointed out earlier in this opinion, subsection (1) of ORS 656.152 is confined to "every workman subject to [the Act] while employed by an employer subject to [the Act] * * *." The plaintiff here presents facts, which if true, involve a workman who is employed by an employer who is not subject to the Act. This section does not then apply.

The majority opinion takes the position that a claimant who has accepted benefits under the Workmen's Compensation Act is precluded from any other remedy unless he can bring himself within one of the exceptions provided for in ORS 656.312, i.e., by showing that he is a workman in the employ of an employer in default or in a hazardous occupation in violation of the Act, or that he was injured as a result of the negligent conduct of a third person who was not an employer of the claimant. *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947) is relied upon for this conclusion. I am of the opinion that the conclusion is not sound and that *Kowcun v. Bybee* does not support it. I understand the Kowcun case to mean that *in all cases which are covered by the Workmen's Compensation Law* the workman is limited to compensation awarded to him by the Commission, unless he can bring himself within one of the exceptions referred to. But if the defendant was plaintiff's employer and it was engaged in a nonhazardous occupation then it was not within the Workmen's Compensation Act and ORS 656.312 does not apply.

I do not think that it is reasonable to say that because the legislature provided a separate remedy in

the special circumstances mentioned it intended to exclude all other cases where a separate remedy was sought. If the reasoning in the majority opinion is adopted, we must assume that the legislature intended to include a case where a workman seeks a separate recovery against a third person who is not the claimant's employer but that it intended to exclude the case where a third person happens to be the claimant's employer engaged in a nonhazardous occupation and who elected not to come under the Act. There is no more reason for permitting a separate action where the third person is not an employer than there is where he is a noncovered employer. In both cases the third person is not covered by the Act. Certainly from the standpoint of principle there is no reason for excluding the plaintiff from a separate action where the facts are such as we have here. We can give recognition to this principle by interpreting ORS 656.312 as a recitation of the exceptions which apply *in those cases where the employe is entitled to compensation under the Act.*

If, under circumstances such as we have here, a workman is not entitled to a separate action after filing his claim for compensation he may be placed in a very precarious position. He cannot be certain whether he is or is not covered by the Act because he will not know who his legal employer is until the question is resolved by a legal tribunal. In the present case the claimant did not know whether the Rose White Estate or the defendant was her employer, and she filed her claim in a manner which made clear her uncertainty. If she took the risk of resolving the uncertainty upon the basis of her own, or of her attorney's understanding of the law of master and servant she could have ended up without any recovery what-

soever. Thus, if she had filed her claim with the Commission indicating that the Rose White Estate was her employer the Commission could find that the defendant was her employer. If thereafter, an action were brought against the defendant the jury could find that the Rose White Estate was her sole employer. The claimant would be without recovery. This is why she filed her claim in the alternative. Now we say that the cost of making such an equivocal claim is that the claimant must be limited to the award made by the Commission in the present case. Strangely enough, we would have recognized her right to proceed with a separate action against the defendant if by happenstance the defendant was engaged in a hazardous occupation. To say that the plaintiff's right to a separate action should be based upon such a technical interpretation of ORS 656.312 is to lose sight of the legislative intent to give the workman an opportunity to bring a separate action unless the employer is covered by the Act. As stated in *Newell v. Taylor et al.,* 212 Or 522, 531, 321 P2d 294 (1958):

> "The valuable common-law right of an injured workman whose interest in the result of the prosecution of his claim is now expressly recognized in the act should not be abolished in the absence of a clear and concise expression compelling that conclusion."

The plaintiff should be permitted to maintain an action against the defendant under the circumstances of the present case. I dissent.

ON REHEARING

*William C. Ralston,* Portland, argued the cause for appellant. With him on the brief were Phillips & Sandeberg, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Peterson & Lent, Portland.

Before McAllister, Chief Justice, and Rossman, Lusk*, Warner, Perry, Sloan and O'Connell, Justices.

Former opinion adhered to.

## MEMORANDUM.

The court having heard arguments upon a rehearing of this matter and having reconsidered all questions involved in this appeal, as well as matters in its former opinion asserted by plaintiff to have been in error, adheres to its former opinion.

Warner, J. adheres to the specially concurring opinion of Lusk, J.

The specially concurring opinion of Sloan, J. is withdrawn.

O'Connell, J. adheres to his dissenting opinion and is now joined by Sloan, J.

---

* Resigned March 15, 1960.