Argued October 10, 1957, reversed and remanded January 29, 1958

# NEWELL *v.* TAYLOR ET AL

321 P. 2d 294

*Charles E. Boardman,* Bend, argued the cause for appellant. With him on the brief was Don Parker, Salem.

*R. B. Maxwell* and *Edwin E. Driscoll,* Klamath Falls, argued the cause and filed a brief for respondents.

Ray H. Lafky, Salem, filed a brief as amicus curiae.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

PERRY, C. J.

The plaintiff commenced this action against the defendants for personal injuries claimed to have been suffered by reason of a motor vehicle collision which happened on March 18, 1953.

At the time of the collision the plaintiff was entitled to compensation under and by virtue of the Workmen's Compensation Act of this state. The plaintiff duly notified the Oregon State Industrial Accident Commission of his injuries and received compensation from the fund.

For purposes, of convenience the Oregon State Industrial Accident Commission will be designated herein as the commission.

At the time plaintiff's claim was presented to the commission he was requested by letter to elect whether or not he desired to prosecute his tort action against the defendants or assign his cause of action to the commission. This letter informed him that action against the tort-feasor must be commenced within one year from the date of the accident. On April 20, 1953, plaintiff made an assignment of his cause of action against the defendants to the commission. On October 4, 1954, plaintiff filed his complaint against the defendants, and on March 15, 1955, each defendant filed an answer thereto. On May 7, 1955, the defendants each filed a motion designated as "Supplemental Pleadings," wherein each alleged that the plaintiff, pursuant to the requirements of the commission, elected not to seek redress from the defendants, but to receive the compensation provided under the Workmen's Compensation Act, and had duly assigned his cause of action to the commission; that his action in assigning his cause of action against the defendants to the commission effectively barred his present suit against the defendants.

At the time of hearing the plaintiff offered to show that he had given notice of the filing of his cause of action to the commission and the commission had consented to the plaintiff's own prosecution of the action. This offer was rejected and the trial court sustained the defendants' motions and dismissed plaintiff's action.

In their brief the defendants state they filed their supplemental proceedings challenging the right of the plaintiff to maintain his action pursuant to

§ 102-1729, OCLA, which permits a third party to challenge the right of the injured workman to bring an action.

Briefly, the case is this: An injured workman subject to the act has elected to receive and has received benefits under the Workmen's Compensation Act for injuries sustained as the result of the alleged negligence of third parties not within the act. He has assigned his claim against the third parties to the commission. The question is thus presented: Under these circumstances is the injured workman estopped to maintain his common-law action against such third parties unless the claim is reassigned to him by the commission?

The answer must be found in the act itself. The injury, election, and assignment occurred in the spring of 1953, and we are, therefore, concerned with § 102-1729, OCLA, which reads, so far as applicable, as follows:

"If a workman of an employer, engaged in a hazardous occupation * * * shall receive an accidental injury due to the negligence or wrong of a third person, entitling him, * * * to seek a remedy against such third person, such workman, * * * shall elect whether to take under this act or to recover damages from such employer or third person. * * * An election to take under this act shall operate as an assignment to the commission, for the benefit of the industrial accident fund, of the cause of action, if any, of the beneficiaries and of the legal representative of the deceased workman, against such * * * third person.

"If the workman * * * elect to take under this act, the commission may bring action against such * * * third person in the name of the injured workman * * *. Any sum recovered by

the commission in excess of the expenses incurred in making such recovery and the amount expended by the commission for compensation, first aid or other medical, surgical or hospital service, together with the present worth of the monthly payments of compensation to which such workman * * * may be entitled * * * shall be paid such workman * * * as hereinafter provided. Any compromise by the workman * * * of any right of action against * * * third party shall be void unless made with the written approval of the commission. * * *.

"If damages are recovered under the provisions of this act from * * * a third person by the beneficiaries or the legal representative of the deceased workman, the beneficiaries shall have a claim against the sum recovered in an amount equal to their rights under this act, which shall be preferred to all claims except the costs of recovering such damages and the lien of the commission as herein provided.

"If the workman * * * shall elect to recover damages from * * * third party, notice of such election shall be given the commission by personal service or by registered mail of such fact. The commission likewise shall be given notice of the name of the court in which such action is brought, and a return showing service of such notice on the commission shall be filed with the clerk of the court and shall not be a part of the record except to give notice to the defendant of the lien of the commission, as in this section provided. In any third party action brought pursuant to the provisions of this act, the fact that the injured workman or his beneficiaries are entitled to or have received benefits under the provisions of this act shall not be pleaded or admissible in evidence. A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law.

"The workman * * * shall be paid the benefits provided by this act in the same manner and to the same extent as if no right of action existed against the * * * third party, until the amount of benefits that the workman or beneficiaries are entitled to under this act can be determined and until damages are recovered from such employer or third party. The commission shall have a lien against the cause of action in the amount of compensation paid to the workman * * *, including the cost of first aid and other medical, surgical and hospital service, which lien shall be preferred to all claims except the cost of recovering such damages. If the sum recovered in such action and actually collected, less reasonable attorneys' fees and costs necessarily incurred, is less than the sum the workman is entitled to under the provisions of this act, the difference shall be paid the workman as provided in the act for the payment of compensation.

"The commission may require the workman or other beneficiaries or the legal representative of a deceased workman to exercise the right of election herein provided by serving a written demand by registered mail or by personal service upon such workman, beneficiaries or legal representative. *Unless such election is made within 20 days from the receipt or service of such demand and unless, after making such election,* an action against such third person is instituted within such time as is granted by the commission, the workman, beneficiaries or legal representative is deemed to have elected to take under the provisions of this act." (Italics ours.)

The Workmen's Compensation Act was enacted to require industry to carry the burden of personal injuries sustained by its employees in their work, *Hinkle v. State Industrial Accident Commission,* 163 Or 395, 97 P2d 725; and it is now the well-established law of this state, requiring no citation of authority,

that the act is remedial in character and should be liberally construed to promote the beneficial results intended.

Section 102-1752, OCLA, now ORS 656.154, grants to and leaves with an injured workman all his common-law right to maintain an action for negligent personal injuries against third parties, with the exception of certain third party employers and fellow servants, which exception is not pertinent to this case it not being contended here that the defendants or any of them come within the exclusion clause of the statute.

For convenience, the words "third parties" as used in this opinion refer to parties not protected by the exclusion clause of the statute from suit by an injured workman.

A literal consideration of the words "an election to take under this act shall operate as an assignment to the commission, for the benefit of the industrial accident fund, of the cause of action, if any, of the beneficiaries and of the legal representative of the deceased workman," would seem to lead to the conclusion that the assignment was a complete assignment to the commission of all the rights of the injured workman in and to his cause of action. This is the result reached in *Holmes v. Henry Jenning & Sons,* 7 F2d 231, and followed in *King v. Union Oil Company,* 144 Or 655, 24 P2d 345, 24 P2d 1055, *Hicks v. Peninsula Lumber Co.,* 109 Or 305, 220 P 133, and *Senter v. Peninsula Lumber Co.,* 109 Or 325, 220 P 139. But it should be noted that at the time the decision of *Holmes v. Henry Jenning & Sons,* supra, was rendered [March 19, 1921] the Workmen's Compensation Act provided that when the injury was occasioned by the negligence of a third party not under the protection of the act, the injured workman was required to elect

prior to the commencement of his action whether he desired to pursue his common-law action or receive the benefits of the act, for if he elected to take compensation as provided in the act he was entitled to none of the recovery, for all recovery, if any, from the tort-feasor, regardless of amount, passed to the fund. Oregon Laws 1913, ch 112, § 12, p 191.

If the injured workman could receive none of the proceeds, as such, of a recovery from the wrongdoer if his action was prosecuted by the commission, then truly the injured workman was faced with an election of remedies and his election was binding upon him.

In *King v. Union Oil Co.,* supra, this court, as a further reason for its holding, relied upon the opinion of Judge WOLVERTON in *Holmes v. Jenning & Sons,* supra, but apparently failed to consider the change wrought by the legislature in amending the act. Section 6616, Oregon Laws, as amended by Oregon Laws 1925, ch 133, p 189, 190, as pertinent hereto, reads as follows:

"* * * If election is made to take under the terms of this act, the commission may bring action against such third party in the name of such injured workman or his dependents and any sum recovered in excess of the costs of such action, together with the amount expended by the commission for compensation and first aid or other medical, surgical or hospital services, together with the present worth of the monthly payments of compensation for death, permanent total disability or permanent partial disability, to which such workman or his dependents may be entitled under the terms of this act, shall be paid such workman or his dependents; * * *."

When we consider that under the present act, which contains language of similar import to that contained

in § 6616 Oregon Laws, as amended, supra, the purpose is to preserve to the workman all the beneficial monetary results of his cause of action against the tort-feasor whether the action is brought and prosecuted by the workman or the commission, the words "assignment of his cause of action" take on a new meaning.

■ The liability of industry, under the act, to compensate an injured workman in accordance with schedules therein provided is mandatory and is a separate and distinct liability from the common-law liablity of a tort-feasor to respond in damages. Negligence plays no part in the injured workman's right to compensation, *Johnson v. Timber Structures, Inc.,* 203 Or 670, 281 P2d 723, while it is of the essence in tort actions. The remedial results contemplated for the workman by the statute are the same regardless of his selection and are, therefore, not inconsistent so as to compel an election of remedies.

Since compensation to the injured workman under the Workman's Compensation Act is mandatory, no right of recoupment for the benefit of the fund would lie except by provision of statute. Therefore, whenever an action is commenced in the name of the injured workman, either by the workman or the commission, both the workman and the commission have a contingent interest in the subject matter of the action. The assignment creates no new cause of action; each must necessarily rely upon the cause of action of the injured workman.

Thus, the effect of the statute as amended is to give to the commission only a partial interest in the injured workman's cause of action. It assigns to the commission for the benefit of the fund a portion only of the recovery from the cause of action. It is, in

effect, a right to a portion thereof which the legislature recognizes the workman, if successful, should, in good conscience and fairness, pay for the benefits received.

While, by assignment of the cause of action, there is granted the commission the right to bring the action for damages in its entirety, not pro tanto, the effect of the entire statute is to recognize that both the workman and the commission have an interest therein.

The act, in providing the commission may prosecute the action in the name of the injured workman, merely recognized the statutory requirement that all suits or actions must be prosecuted in the name of the real party in interest, except when otherwise provided, ORS 13.030, thus protecting a defendant from vexatious harassment by both parties, each having an interest in the same cause of action. *Furrer v. Yew Creek Logging Co.,* 206 Or 382, 292 P2d 499; *State v. Swensk et al.,* 161 Or 281, 89 P2d 587; *Sturgis v. Baker,* 43 Or 236, 72 P 744; *Home Mutual Ins. Co. v. O. R. & N. Co.,* 20 Or 569, 26 P 857.

The valuable common-law right of an injured workman whose interest in the result of the prosecution of his claim is now expressly recognized in the act should not be abolished in the absence of a clear and concise expression compelling that conclusion.

The Workmen's Compensation Act was not designed to aid a negligent third party tort-feasor to escape his common-law liability. Yet, if we sustain the contention of the defendants, the failure or refusal of the commisson, for any reason, to prosecute or formally reassign the workman's claim would grant immunity to the negligent third party.

■ We are of the opinion that the use of the words "assignment of the cause of action," when considered in conjunction with the expressed purposes to be

accomplished by the statute, is no more than a bare assignment of a right to institute the action upon failure or refusal of the workman to prosecute his own claim and does not become absolute as an effective assignment of all of the rights of the injured workman to the institution of his own proceedings until acted upon by the bringing of the action by the commission. This becomes apparent when we consider the last paragraph of the act, which provides, in effect, that the workman shall institute his action within such time as the commission shall direct, and provides no penalty for his failure to do so. This shows an intention only to permit the commission to fix the time when its right to commence an action shall take effect so as to prevent the loss of the action by the running of the statute of limitations.

Section 102-1729, OCLA, in speaking of the rights existing between the workman and the commission, does not use the word "subrogation," but only the word "assignment."

■ Should we attempt to construe the statute as a true subrogation of the commission to the rights of the workman we would be faced with the fact that the true doctrine of subrogation lies only where one secondarily liable pays the debt of another and not where one primarily liable pays his own debt. *American Surety Co. v. Bank of California,* 133 F2d 160, affirming 44 F Supp 81.

By statute, industry, acting through the commission, is primarily liable to the workman under the provisions of the Workmen's Compensation Act, and in paying compensation is but meeting its own obligation, regardless of the fact the injury was due to the negligence of a third party.

■ Also, it should be noted, where a right of sub-

rogation exists, an assignment is unnecessary. *American Surety Co. v. Multnomah County,* 171 Or 287, 138 P2d 597, 148 ALR 926.

The only interest the defendants can have in the question of assignment is whether or not the result of the trial of the issues or the payment of the judgment will fully protect them from future vexation from the same cause of action.

The statute provides the commission shall be notified of the filing by the workman of his cause of action and the court in which it is filed, and a return made to the clerk of the court in which the action is filed showing the service of this notification. This action gives notice of the commission's claim of lien.

We are of the opinion that the inquiry of the third party tort-feasor into the question of any future harassment is satisfied by the workman's notice to the commission and filing of the return as provided by statute. The rights of the commission and the workman, either by understanding or as they exist by statute, are not of his concern.

The judgment of the trial court is reversed and remanded with instructions for further proceedings not inconsistent with this opinion.