Argued and submitted September 25, 1991, reversed and remanded on first, second
and third claims; otherwise affirmed April 22, 1992

METROPOLITAN SERVICE DISTRICT,
Portland Public Schools,
Pacific Communities Hospital District,
State ex rel Mary Wendy Roberts,
*Appellants,*

*v.*

TIGARD ELECTRIC, INC.,
Ohio Casualty Insurance Co.,
The American Insurance Co.,
and Fireman's Fund Insurance Co.,
*Respondents.*

(C89-1112CV; CA A65879)
829 P2d 727

Harrison Latto, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas J. Murphy, Tigard, argued the cause for respondent Tigard Electric, Inc. With him on the brief were Michael J. Scott and Furrer & Scott, Tigard.

Janet M. Schroer, Portland, argued the cause for respondents Ohio Casualty Insurance Co., The American Insurance Co. and Fireman's Fund Insurance Co. With her on the brief were Jill S. Gelineau, William D. Peek and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Plaintiffs are public bodies and the Commissioner of the Bureau of Labor and Industries (BOLI). Defendant Tigard Electric, Inc. (Tigard) performed work as a subcontractor for the public bodies. The other defendants were Tigard's sureties on the projects. BOLI brought this action, alleging that Tigard paid various employees on the projects less than required by the prevailing wage rate statutes. ORS 279.348 to ORS 279.365. BOLI's first and third claims, respectively, sought payment by Tigard of the unpaid wages and a permanent injunction against future violations of the statutes. In the second claim, BOLI sought recovery against the sureties' bonds. In the fourth claim, BOLI sought a declaration "pursuant to ORS 279.361 * * * that defendant Tigard failed to pay the prevailing wages to workers employed upon public works contracts as required by Oregon law." Defendants moved to dismiss all of the claims. The trial court granted the motions, and plaintiffs appeal.

■    ORS 279.355(4) provides, in part:

"The Commissioner of the Bureau of Labor and Industries may, *without necessity of an assignment*, initiate legal proceedings against employers to enjoin future failures to pay required prevailing wages or overtime pay *and* to require the payment of prevailing wages or overtime pay due employees." (Emphasis supplied.)

Defendants contend, first, that BOLI cannot bring an action to require the payment of prevailing wages unless it also seeks injunctive relief. Their second contention is that, although ORS 279.355(4) expressly makes BOLI's authority not dependent on an assignment of an employee's claim, it has that authority only while work on the project is continuing. Defendants argue that, because the projects had been completed, BOLI could not bring this action without an assignment of claims by the underpaid employees, which BOLI did not have.

We do not agree with defendants' reading of ORS 279.355(4). Their assertion that the statute requires that BOLI bring an action *both* for damages *and* injunctive relief is answered, first, by the fact that it *did* seek both. Although defendants contend that the injunction claim was properly

dismissed, we do not agree with that, as will be discussed later. The more fundamental answer to the argument, however, is that the statute does not require BOLI always to seek both kinds of relief. The word "and" that appears between the injunction provision and the damages provision in the statute signifies that two remedies are authorized, not that they must invariably be joined. In the absence of a persuasive basis on which to conclude otherwise, we decline to ascribe an intent to the legislature to require an enforcement official to seek multiple remedies, rather than to decide which remedy or remedies may be appropriate in particular cases.

■ Defendants' argument that BOLI's authority to proceed without assignments applies only to ongoing projects finds no support in the language or purpose of the statute, and defendants offer little support for their interpretation beyond the fact that some other provisions in ORS 279.355 are stated in the present tense. Moreover, no reason occurs to us — and defendants do not suggest one — why the legislature *would* have intended to make the need for an assignment of claims dependent on whether the public works project was continuing or completed. BOLI's role and the need for its involvement would appear to be the same in either instance. We reject defendants' arguments and hold that the trial court erred by dismissing plaintiffs' first claim.

■ Defendants' argument in support of the dismissal of plaintiffs' claim for an injunction barring Tigard from future violations is similar to the arguments that are discussed above. Defendants contend that the injunction remedy under ORS 279.355(4) is "limited to the public works projects on which the alleged violations occurred" and should not encompass the open-ended remedy sought by plaintiffs. However, the statute expressly refers to "future failures" and says nothing to connote "only on current projects." Defendants' support for their interpretation is essentially a policy argument that must be addressed to the legislature. The court erred by dismissing the third claim.

■ The trial court also erred in dismissing the second claim, in which plaintiffs proceeded against the sureties' bonds. Defendants argue that ORS 279.526 to ORS 279.542, the "Little Miller Act," are the governing statutes, that BOLI is not among the persons or entities whom ORS 279.526

enumerates as having a right of action and that, therefore, BOLI has no recourse against the bonds. However, ORS 279.356(1) and (2) provide:

"(1)   Any contractor or subcontractor or contractor's or subcontractor's surety who violates the provisions of ORS 279.350 shall be liable to the workers affected in the amount of their unpaid minimum wages, including all fringe benefits under ORS 279.348(4), and in an additional amount equal to said unpaid wages as liquidated damages.

"(2)   Actions to enforce liability to workers under subsection (1) of this section may be brought as actions on contractors' bonds as provided for in ORS 279.536."

An action under ORS 279.355(4) clearly is an action "to enforce liability to workers" under the above statute. Although BOLI is not among those whom ORS 279.526 specifically enumerates, ORS 279.355 and ORS 279.356 are an independent grant of statutory authority by which it may proceed against the sureties in this action. We reject defendants' argument.

■      In their fourth claim, plaintiffs sought a declaratory judgment "pursuant to ORS 279.361." ORS 279.361(1) provides, in part:

"(1)   When the Commissioner of the Bureau of Labor and Industries, *in accordance with the provisions of ORS 183.310 to 183.550*, determines that a contractor or subcontractor has intentionally failed or refused to pay the prevailing rate of wage to workers employed upon public works, or has intentionally failed or refused to post the prevailing wage rates as required by ORS 279.350(4), the contractor, subcontractor or any firm, corporation, partnership or association in which the contractor or subcontractor has a financial interest shall be ineligible for a period not to exceed three years from the date of publication of the name of the contractor or subcontractor on the ineligible list as provided in this section to receive any contract or subcontract for public works." (Emphasis supplied.)

Defendants argue that the determination under ORS 279.361 must be made by BOLI pursuant to the Administrative Procedures Act (APA), ORS ch 183, that its jurisdiction under that statute is exclusive and, therefore, that the circuit court had no jurisdiction over and did not err in dismissing the fourth claim. They are correct. ORS

279.361(1) requires BOLI to make the determination of intentional noncompliance in accordance with the provisions of the APA. We have repeatedly held that statutes of that kind establish exclusive agency jurisdiction, at least in the absence of a clear contrary legislative intent.[1] *See, e.g., School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 299 (1973). The trial court properly dismissed this claim for relief.

Plaintiffs' remaining assignments relate to the awards of attorney fees to defendants. They are automatically vacated by our disposition.[2]

Reversed and remanded on first, second and third claims; otherwise affirmed.

---

[1] ORS 279.365 does provide an alternative remedy that does not require the APA process. It provides for civil actions to require public agencies to withhold twice the amount of disputed wages from contractors or subcontractors that are in violation of the prevailing wage rate statutes. It also authorizes various forms of additional relief, including placement on the "ineligible list established under ORS 279.361(1)." ORS 279.365(3). However, BOLI has not proceeded under ORS 279.365 in this claim.

[2] The bases for our conclusions make it unnecessary for us to address the parties' other arguments.