Jeff STOCKTON,
an individual,
Donald Stone, an individual,
Lauren Burr, an individual,
Susan Burr, an individual,
William Weldon, an individual,
Oregon Liquor Control Commission ex rel Jeff Stockton,
and Portland Public Schools ex rel Jeff Stockton,
*Appellants,*

*v.*

SILCO CONSTRUCTION COMPANY,
an Oregon corporation, and
United States Fidelity and Guaranty Company,
a Maryland corporation,
*Respondents.*

(9108-04931; CA A75975)

860 P2d 851

Mark R. Humphrey and Eric J. Fjelstad, Portland, filed the briefs for appellants.

Elizabeth H. Yeats, Portland, argued the cause for respondents. With her on the brief was Seifer, Yeats, Whitney & Mills, Portland.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

The individual plaintiffs (plaintiffs) were employed by B & R Excavation (B & R), a subcontractor on several public works projects. Defendant Silco Construction Company (defendant)[1] was the general contractor. B & R failed to pay plaintiffs the prevailing rate of wage. It is now bankrupt. Plaintiffs brought this action to recover the deficiency from defendant, along with other relief. They proceeded, *inter alia*, on two theories: That they are third-party beneficiaries of defendant's contracts with the public bodies for whom the projects were undertaken, and that they have a statutory right to recover from defendant under ORS 279.365.[2] The trial court granted defendant's motion for summary judgment. Plaintiffs appeal, and we affirm.

■ We turn first to plaintiffs' statutory claims. As we construe the applicable statutes, they make subcontractors, rather than the general contractor, directly responsible for making the required payments to their own employees and also impose direct liability on the subcontractors, rather than the general contractor, for deficiencies. *See* ORS 279.350(1); ORS 279.356(1). Moreover, the contracts between defendant and B & R required the latter to pay its employees in accordance with the requirements of the prevailing wage rate statutes.

Plaintiffs do not seriously dispute the foregoing propositions. They argue, however, that the general contractor can nevertheless be accountable for a subcontractor's default and that they are entitled to direct recourse against defendant under ORS 279.365(1). They rely on the phrase in that statute that includes among the available relief that the court may "require the contractor to pay the prevailing rate of wage and any deficiencies that can be shown to exist because of improper wage payments already made." Plaintiffs note that every other reference in the statute is to contractors or subcontractors in the disjunctive, while the quoted phrase is unique in referring only to the contractor.

---

[1] The parties other than those to whom we have referred are not independently relevant to the issues presented by the appeal.

[2] There are several statutes that bear on the issues. For ease of reference, the relevant provisions are set out in the appendix to this opinion.

Plaintiffs reason that the quoted language must, therefore, contemplate a right to recover payment from the contractor, regardless of whether the deficient performance was by it or a subcontractor.

Defendant responds that the remedies under ORS 279.365 contain several conditions precedent, one of which is that they relate only to contracts where payments remain due from the contracting public agency to the contractor. Here, the contracts in question have been fully performed. We need not decide whether plaintiffs' broad proposition is correct as it pertains to all of the remedies in the statute. *See Metro. Service Dist. v. Tigard Electric, Inc.*, 112 Or App 492, 829 P2d 727 (1992). However, we agree with defendant that, reading the statutory scheme as a whole, the remedy that plaintiffs seek is beyond the contemplation of ORS 279.365.

The relevant provisions contain a number of clearly-defined remedies and identify the parties against whom they may be pursued. ORS 279.526 and ORS 279.536 allow employees in plaintiffs' position to bring a direct action on the *contractor's bond,* regardless of whether the contractor or a subcontractor is delinquent in payments.[3] ORS 279.356 provides that a contractor *or* subcontractor that fails to make required payments is directly liable for unpaid wages and that that liability may be enforced as in "actions on contractors' bonds as provided for in ORS 279.356." The existence of the specific statutory provisions for those remedies make it likely that, had the legislature intended a direct right of action against the contractor under these circumstances, it would have so provided with comparable specificity.

Unlike the statutes and remedies discussed above, the language in ORS 279.365 on which plaintiffs rely is ambiguous. It is clear that some of the other remedies enumerated in that section are mechanically unavailable except in the context of ongoing contracts. For example, the enhanced withholding by the public body for which the statute provides can only occur while payments from that body remain due. The language that plaintiffs emphasize directly follows and is part of the same sentence as the provisions

---

[3] Only one of the plaintiffs pursued that remedy, and his having done so has not been made an issue here.

relating to withholding and the conditions under which it may be required.

■■   On the face of ORS 279.365 itself, the language in question can plausibly be read, as plaintiffs urge, to provide a remedy wholly independent of others in the section, or, as defendant argues, to be available only when the "ongoing contract" condition precedent to the other remedy described in the same sentence is present. However, when the context of the statutory scheme is considered, defendant's reading becomes more plausible. As we have noted, separate provisions of the statutes expressly provide persons in plaintiffs' position with a direct remedy against the contractor's bond and with a direct remedy against a defaulting subcontractor. Both remedies are obtainable in an action for damages under ORS 279.536. No comparable right of action against the contractor is provided for under these circumstances. ORS 279.365 is, generally, an enforcement provision, rather than one for the recovery of damages. Given that context, we conclude that the legislature did not intend in the murky language of ORS 279.365 to create a right of direct recourse against a contractor, which is not the immediate employer, for a subcontractor's deficient payments during an already completed public works contract. Rather, we construe the entire first sentence of ORS 279.365 to apply only when payments from the public agency to the general contractor remain due, and the contractor retains the possibility of recourse against the noncomplying subcontractor. Accordingly, we hold that the trial court properly granted summary judgment for defendant on plaintiffs' statutory claims.

■   The basis for plaintiffs' third-party beneficiary claim is the provision that ORS 279.352 requires to be included in public works contracts between general contractors and public agencies, i.e., the statement of the prevailing rate of wage and that employees shall be paid at least that rate "either by the contractor or subcontractor." Plaintiffs argue that they are intended beneficiaries of that provision and are entitled to have defendant perform it. We have concluded that the statutes require the payment of the prevailing wage rate by the direct employer, which in this case is the subcontractor. Assuming without deciding that plaintiffs could qualify as third-party beneficiaries of the prime contracts for some

purposes, they are simply not entitled to have defendant perform a promise on their behalf that the contracts do not require it to perform on behalf of employees other than its own. *See Johnston v. The Oregon Bank*, 285 Or 423, 432, 591 P2d 796 (1979).

■ Plaintiffs rely on decisions from other jurisdictions that have accepted arguments analogous to the third-party beneficiary theory that plaintiffs advance. To the extent those decisions are analogous, we find them unpersuasive. Plaintiffs also argue that the remedial purpose of the statutes demands that they be interpreted in their favor. That argument ignores the fact that plaintiffs had remedies under the statutes, which they did not use. *See* note 3, *supra*. The "remedial purpose" rationale of statutory interpretation does not imply that courts may search for remedies beyond those that the legislature created when those remedies fulfill the purposes.

Finally, plaintiffs argue that defendants' arguments, if successful, would enable general contractors to escape prevailing wage rate requirements through the artifice of "subcontracting some or all of the work on public projects." However, nothing in this record suggests that the subcontracts between defendant and B & R were not *bona fide* or were aimed at circumventing requirements of the statutes. The court did not err by allowing summary judgment.

Affirmed.

## APPENDIX

ORS 279.350(1) provides:

"The hourly rate of wage to be paid by any contractor or subcontractor to workers upon all public works shall be not less than the prevailing rate of wage for an hour's work in the same trade or occupation in the locality where such labor is performed. The obligation of a contractor or subcontractor to pay the prevailing rate of wage may be discharged by making the payments in cash, by the making of contributions of a type referred to in ORS 279.348(4)(a), or by the assumption of an enforceable commitment to bear the costs of a plan or program of a type referred to in ORS 279.384(4)(b), or any combination thereof, where the aggregate of any such payments, contributions and costs is not less than the prevailing rate of wage."

ORS 279.352 provides:

"The specifications for every contract for a public work shall contain a provision stating the existing prevailing rate of wage which may be paid to workers in each trade or occupation required for such public work employed in the performance of the contract either by the contractor or subcontractor or other person doing or contracting to do the whole or any part of the work contemplated by the contract, and the contract shall contain a provision that such workers shall be paid not less than such specified minimum hourly rate of wage."

ORS 279.356 provides, as material:

"(1) Any contractor or subcontractor or contractor's or subcontractor's surety who violates the provisions of ORS 279.350 shall be liable to the workers affected in the amount of their unpaid minimum wages, including all fringe benefits under ORS 279.348(4), and in an additional amount equal to said unpaid wages as liquidated damages.

"(2) Actions to enforce liability to workers under subsection (1) of this section may be brought as actions on contractors' bonds as provided for in ORS 279.536."

ORS 279.365(1) and (2) provide:

"(1) The Commissioner of the Bureau of Labor and Industries or any other person may bring a civil action in any court of competent jurisdiction to require a public agency under the public contract with a contractor to withhold twice the wages in dispute if it is shown that the contractor or

subcontractor on the contract has intentionally failed or refused to pay the prevailing rate of wage to workers employed on that contract and to require the contractor to pay the prevailing rate of wage and any deficiencies that can be shown to exist because of improper wage payments already made. In addition to other relief, the court may also enjoin any such contractor or subcontractor from committing future violations. The contractor or subcontractor involved shall be named as a party in all civil actions brought under this section. In addition to other costs, the court may award the prevailing party a reasonable attorney fee at the trial and on appeal. However, no attorney fee may be awarded against the Commissioner of the Bureau of Labor and Industries under this section.

"(2)   The court shall require any party, other than the Commissioner of the Bureau of Labor and Industries, that brings a civil action under this section to post a bond sufficient to cover the estimated attorney fees and costs to the public agency and to the contractor or subcontractor of any temporary restraining order, preliminary injunction or permanent injunction awarded in the action, in the event that the party bringing the action does not ultimately prevail."

ORS 279.526 provides:

"A person claiming to have supplied labor or materials for the prosecution of the work provided for in the contract, including any person having direct contractual relationship with the contractor furnishing the bond or direct contractual relationship with any subcontractor, or an assignee of such person, or a person claiming moneys due the State Accident Insurance Fund Corporation, the State Department of Employment Trust Fund or the Department of Revenue in connection with the performance of the contract, has a right of action on the contractor's bond, cashier's check or certified check as provided for in ORS 279.029 only if:

"(1)   The person or the assignee of the person has not been paid in full; and

"(2)   The person gives written notice of claim, as prescribed in ORS 279.528, to the contractor and the Secretary of State, if the contract is with a state agency, or the clerk or auditor of the public body which let the contract if the public body is other than a state agency."

ORS 279.536 provides, in relevant part:

"(1)   A person who has a right of action on the bond pursuant to ORS 279.526 and, where required, who has filed

and served the notice or notices of claim, as required under ORS 279.526 and 279.528, or that person's assignee, may institute an action on the contractor's bond, cashier's check or certified check as provided for in ORS 279.029 in the circuit court of this state or the federal district court of this district.

"(2)   The action shall be on the relation of the claimant, or that persons's assignee, as the case may be, and shall be in the name of the public body which let the contract. It may be prosecuted to final judgment and execution for the use and benefit of the claimant, or that person's assignee, as the fact may appear."